Robert and Lauren EFFORD, In-
dividually and T/A Goldhope
Farm, Appellants

v.

THE JOCKEY CLUB, a Non–Profit
Association, Appellee

Superior Court of Pennsylvania.

Submitted Jan. 14, 2002.

Filed April 5, 2002.

Robert A. Hoffa, Newtown, for appellants.

Thomas A. Riley, Jr., Paoli, for appellee.

Before: JOHNSON, TAMILIA and POPOVICH, JJ.

OPINION BY POPOVICH, J.

¶ 1 This appeal stems from the order entered on May 16, 2001, in the Court of Common Pleas, Chester County, which granted The Jockey Club's (Appellee) preliminary objections and dismissed The Effords' (Appellants) complaint in equity for lack of personal jurisdiction. Upon review, we affirm.

¶ 2 The facts and procedural history as summarized by the lower court are as follows:

[Appellants] are the owners of Goldhope Farm where they breed, raise and sell rare palomino thoroughbred type horses. [Appellee] is a non-profit association and publishes written rules that govern registration and eligibility for registration of horses in *The American Stud Book*, a breed registry for thoroughbred horses. [Appellee] has offices in the State of New York and in the Commonwealth of Kentucky.

On March 9, 2001, [Appellants] filed a Complaint in Equity alleging that a governing body of Appellee authorized the revocation of the thoroughbred registration papers of four horses owned and/or bred by [Appellants]. [Appellants] asked this Court to (a) restrain [Appellee] from taking any further steps until a hearing can be scheduled and to (b)

reinstate the registration papers of the four thoroughbred horses.

Trial Court Opinion, at 1–2 (7/11/2001).

¶ 3 Appellee filed preliminary objections to Appellants' complaint, which included an objection to personal jurisdiction. On May 10, 2001, the lower court heard argument regarding the preliminary objections. After hearing argument and receiving evidence, the lower court found that there was no basis for personal jurisdiction over Appellee and dismissed Appellants' complaint. This timely appeal followed. Pursuant to the lower court's order, Appellants filed a 1925(b) statement, and the lower court subsequently issued its corresponding opinion.

¶ 4 Appellants˙present the following issue on appeal:

> Whether a foreign non-profit association is subject to [personal] jurisdiction in Pennsylvania when it solicits registrations of thoroughbred foals for a fee by use of mail and an Internet web site from residents in Pennsylvania?

Appellants' brief at 2.

■ ¶ 5 Whenever conducting an appellate review of preliminary objections, we observe that rulings on preliminary objections, which the end result of would be dismissal of the action, may be properly sustained only if the case is free and clear

of doubt. *Knight v. Northwest Sav. Bank,* 747 A.2d 384, 386 (Pa.Super.2000) (citing *Filter v. McCabe,* 733 A.2d 1274, 1276 (Pa.Super.1999), *appeal denied,* 563 Pa. 645, 758 A.2d 1200, 2000 Pa. LEXIS 1100 (Pa. May 2, 2000)).

■ ¶ 6 Appellants here contend that the lower court had both general and specific personal jurisdiction over Appellee because Appellee solicited registration of thoroughbred horses for a fee by use of mail and an Internet web site form accessible in Pennsylvania and Appellants attempted to register the horses. However, we find that Appellants' contention that the trial court could exercise specific personal jurisdiction was waived for failure to develop the issue as a legal argument. *Cf. Commonwealth v. Miller,* 721 A.2d 1121 (Pa.Super.1998) (failure to raise and develop issues properly results in waiver of claim).[1] Appellants noted the legal standard for specific jurisdiction but elected to limit its argument to general jurisdiction. We will confine our analysis to whether the trial court erred in failing to find that it could exercise general personal jurisdiction over Appellee because of its use of the Internet to register horses.

■ ¶ 7 When reviewing a challenge to the trial court's exercise of jurisdiction, we note that the burden rests upon the party challenging the trial court's jurisdiction, so

---

1. Additionally, we note that Appellee filed an Application for Relief Pursuant to Pa.R.A.P. 123 for Dismissal. Appellee argues that Appellants' appeal should be dismissed for failure to identify issues in their Pa.R.A.P.1925(b) statement that are now being presented for appellate review. In *McKeeman v. Corestates Bank, N.A.,* 751 A.2d 655 (Pa.Super.2000), we held an appellant's failure to include an issue in his statement of matters complained of waives that issue for purposes of appellate review. However, in this case, we have confined Appellants' argument to the issue of general jurisdiction, which has been preserved in the 1925(b) statement. Accordingly,

we find Appellee's claim of waiver for failure to include issue in a 1925 statement is rendered moot.

Appellee also requested that Appellants' appeal should be dismissed for failure to conform to various Rules of Appellate Procedure. While we do not condone Appellants' failure to abide by procedural requirements, we will not dismiss the appeal because the errors did not prevent our review of the preserved issue, and Appellee was not prejudiced by the minor procedural violations. *See Downey v. Downey,* 399 Pa.Super. 437, 582 A.2d 674 (1990); *Williamson v. Williamson,* 402 Pa.Super. 276, 586 A.2d 967 (1991).

we must consider the evidence in the light most favorable to the non-moving party. *King v. Detroit Tool Co.*, 452 Pa.Super. 334, 682 A.2d 313, 314 (1996). Once the movant has supported its jurisdictional objection, the burden shifts to the party asserting jurisdiction to prove that there is statutory and constitutional support for the trial court's exercise of *in personam* jurisdiction. *GMAC v. Keller*, 737 A.2d 279, 281 (Pa.Super.1999).

 ¶ 8 Pursuant to the Judiciary Act, 42 Pa.C.S.A. §§ 5301 *et seq.*, our courts may exercise two types of *in personam* jurisdiction over a non-resident defendant. One type of personal jurisdiction is general jurisdiction, which is founded upon a defendant's general activities within the forum as evidenced by continuous and systematic contacts with the state. *GMAC*, 737 A.2d at 281 (citing *Hall–Woolford Tank Co. v. R.F. Kilns*, 698 A.2d 80, 82 (Pa.Super.1997)). The other type is specific jurisdiction, which has a more defined scope and is focused upon the particular acts of the defendant that gave rise to the underlying cause of action. *Id.*, 737 A.2d at . 281 (citing *Hall–Woolford*, 698 A.2d at 82).

Regardless of whether general or specific *in personam* jurisdiction is asserted, the propriety of such an exercise must be tested against the Pennsylvania long arm statute, 42 Pa.C.S.A. § 5322, and the due process clause of the Fourteenth Amendment. In order to meet constitutional muster, a defendant's contacts with the forum state must be such that the defendant could reasonably anticipate being called to defend itself in the forum. *See, e.g., Kubik v. Letteri*, 532 Pa. 10, 19–20, 614 A.2d 1110, 1115

(1992) (expressly adopting the minimum contacts test advocated by the United States Supreme Court in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). Random, fortuitous and attenuated contacts cannot reasonably notify a party that it may be called to defend itself in a foreign forum and, thus, cannot support the exercise of personal jurisdiction. *Id.* That is, the defendant must have purposefully directed its activities to the forum and conducted itself in a manner indicating that it has availed itself to the forum's privileges and benefits such that it should also be subjected to the forum state's laws and regulations. *Id.*

*GMAC*, 737 A.2d at 281 (citing *Hall–Woolford*, 698 A.2d at 83). The Pennsylvania long-arm statute permits jurisdiction to be exercised "to the fullest extent allowed under the Constitution of the United States and may be based upon the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa.C.S.A. § 5322(b).[2]

¶ 9 Appellants argue that long-arm statute permits personal jurisdiction over Appellee through §§ 5322(a)(2) and (a)(4), 42 Pa.C.S.A. A tribunal of this Commonwealth may exercise personal jurisdiction over a person who contracts to supply services or things in this Commonwealth or causes harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth. *See* 42 Pa. C.S.A. §§ 5322(a)(2) and (a)(4), respectively.

 ¶ 10 The question of whether the Internet web site of a foreign company permits a Pennsylvania tribunal to exer-

---

**2.** Pennsylvania courts have recognized that this provision renders the reach of the long-arm statute coextensive with that permitted by the Due Process Clause of the Fourteenth

Amendment. *Koenig v. International Brotherhood of Boilermakers, etc.*, 284 Pa.Super. 558, 426 A.2d 635 (1980).

cise personal jurisdiction via Pennsylvania's long arm statute is a matter of first impression before this Court. However, we note that the Federal Courts of the Third Circuit have addressed this issue. Of course, "decisions of the federal district courts ... are not binding on Pennsylvania courts, even when a federal question is involved." *See Kubik v. Route 252, Inc.,* 762 A.2d 1119, 1124 (Pa.Super.2000) (citation omitted). Nevertheless, these decisions are persuasive authority.

¶ 11 The growing case law in the Third Circuit's district courts addressing the relationship between personal jurisdiction and the foreign Internet web sites has established a "sliding scale" of jurisdiction based largely on the degree and type of interactivity on the web site. In *Zippo Mfg. Co. v. Zippo Dot Com, Inc.,* 952 F.Supp. 1119, 1124 (W.D.Pa.1997), the court stated:

> [T]he likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet. This sliding scale is consistent with well developed personal jurisdiction principles. At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. *E.g. CompuServe, Inc. v. Patterson,* 89 F.3d 1257 (6th Cir.1996). At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise personal jurisdiction. *E.g. Bensusan Restaurant Corp., v. King,* 937 F.Supp. 295 (S.D.N.Y.1996). The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site. *E.g. Maritz, Inc. v. Cybergold, Inc.,* 947 F.Supp. 1328 (E.D.Mo.1996).

¶ 12 The Third Circuit District Courts have used the "sliding scale" to exercise both general and specific personal jurisdiction. *See Desktop Technologies, Inc. v. Colorworks Reproduction & Design, Inc.,* 1999 WL 98572, 1999 U.S. Dist. LEXIS 1934 (E.D.Pa.1999) (implementing a sliding scale to both general and specific personal jurisdiction); *Molnlycke Health Care AB v. Dumex Medical Surgical Products Ltd.,* 64 F.Supp.2d 448 (1999) (applying the sliding scale to general personal jurisdiction); *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.,* 952 F.Supp. 1119 (1997) (applying the sliding scale to specific personal jurisdiction). We have compared this "sliding scale" to our principles of personal jurisdiction and find that it is consistent with our well-established concepts of general personal jurisdiction. Therefore, we will use this sliding scale to determine the issue before us.

¶ 13 Appellants contend that Appellee has more than minimum contacts with Pennsylvania in that it actively solicits registrations from all thoroughbred breeders world wide via the Internet web site and forwards registration forms via mail to breeders and stallion owners. However, Appellants fail to cite to any authority in the record to support the contention of Appellee's active solicitation.

¶ 14 Appellee's Internet web site provides information about The Jockey Club.

It also permits users to register their foals via the Internet. Such a web site falls into the middle ground of the sliding scale. It is not merely passive in that a user can exchange information with the host computer, and it is not a situation where Appellee entered into contracts with residents in Pennsylvania that involve the repeated and knowing transmission of information via the Internet. Appellants present evidence that in 1999, 953 foals born in Pennsylvania were registered with Appellee, and in 2000, 112 stallions in Pennsylvania were included in Appellee's stallion registry. However, Appellants do not assert how many, if any, of these registrations occurred via the Internet. In fact, Appellants' registrations that are the subject of this case were registered via the mail. *See* N.T., at 14 (5/10/2001). Additionally, there is no evidence in the record that Appellee's targeted their web site towards residents of the Commonwealth of Pennsylvania. The web site is available on the Internet and accessible by any person with access to the World Wide Web. Appellants did not allege that Appellee "directly mailed" the web site to persons. The web site appears from the record to be general advertising with the added convenience of an on-line registry and was not directed toward any particular state. Therefore, we find that the mere establishment of a web site in which a user may register a horse on-line does not, on its own, suffice to establish general jurisdiction.[3]

¶ 15 In conclusion, Appellee is a New York corporation with registry offices in Kentucky. It maintains no offices in Pennsylvania, has no agents or employees in Pennsylvania, does not pay taxes in Pennsylvania, is not registered with the Commonwealth to conduct business in Pennsylvania and does not own or lease property in Pennsylvania. We find that Appellee's maintenance of an Internet web site which permits a Pennsylvania user to register a horse on-line does not suffice to establish general jurisdiction via the long-arm statute.

¶ 16 Order affirmed. Application for relief denied.

---

**3.** We note that Appellants also argue that the use of the mail permits the exercise of general jurisdiction. However, Appellants fail to argue how the use of the mail would permit general jurisdiction. Therefore, we find that this claim is waived. *See Miller, supra.* From the record, we can glean the following regarding the use of the mail: Appellee forwarded the registration papers to Appellants after Appellants requested the papers. This was the extent of Appellee's contacts with Pennsylvania. Such contact is not systematic and continuous. Therefore, if the claim regarding the mail was not waived, we would find that such use did not confer general jurisdiction over Appellee.

Regarding the issue of specific jurisdiction and the mail, if Appellant had preserved the issue, we would find that this contact could not support the exercise of such jurisdiction. By merely forwarding registration papers via the mail, Appellee did not avail itself to the privileges of this state such that it should have also anticipated being haled into our courts. *Cf. Hall–Woolford Tank Co. v. R.F. Kilns,* 698 A.2d 80, 82 (Pa.Super.1997) (the parties' contract necessitated several follow-up phone calls, some of which were made by foreign party does not lead to the exercise of jurisdiction over foreign party).