**Robert C. TAYLOR t/d/b/a South Hills Jewelers, Appellants**

v.

**FEDRA INTERNATIONAL, LTD., Appellee.**

Superior Court of Pennsylvania.

Argued Jan. 14, 2003.

Filed June 17, 2003.

Robert A. Felkay, Pittsburgh, for appellants.

Nicholas D. Krawec, Pittsburgh, for appellee.

Before: DEL SOLE, P.J., MUSMANNO and KELLY, JJ.

DEL SOLE, P.J.:

¶ 1 Robert Taylor appeals from the trial court's order sustaining Fedra International, Ltd.'s preliminary objections raising a lack of jurisdiction. Upon review, we reverse.

¶ 2 Robert Taylor, t/d/b/a South Hills Jewelers ("Taylor") is in the retail jewelry sales business. Fedra International, Ltd. ("Fedra") is a wholesaler selling jewelry to retailers, with its principal place of business in Massachusetts. In 1997 a sales person who represented Fedra's line of jewelry, in addition to others, appeared in Taylor's retail store which was located in Allegheny County. The Fedra representative displayed samples of Fedra's merchandise to Taylor. Taylor placed an order for Fedra merchandise which was to be shipped to Taylor's store in Allegheny County.

¶ 3 In 1998, the parties had a dispute regarding Taylor's right to return unsold jewelry to Fedra. Taylor asserts that he was under the belief that he was entitled to return to Fedra, for full credit, any items of Fedra's jewelry that he was unable to sell. Taylor attempted to send back to Fedra the unsold jewelry, but Fedra refused to accept the package and returned it to Taylor. Subsequently, Taylor transferred the jewelry to his daughter in Maryland, instructing her to return the jewelry to Fedra, using her company name and return address.

¶ 4 Fedra filed suit against Taylor in Allegheny County for the balance due for the unsold jewelry. In May 2000, judgment was entered in favor of Fedra, and Taylor paid the judgment in full.

¶ 5 In December 2001, Taylor instituted a lawsuit against Fedra in Allegheny County, seeking a judgment that Taylor is entitled to recover possession of the unsold jewelry at issue, or alternatively, a money judgment in the amount of $10,591.15. Fedra filed preliminary objections challenging the jurisdiction of the Court of Common Pleas of Allegheny County over Fedra and the subject matter of the case. The trial court entered an order sustaining Fedra's preliminary objections. This appeal followed.

¶ 6 On appeal, Taylor presents a single issue for our review:

Whether the lower court erred by sustaining the [Appellee's] preliminary objections raising a lack of jurisdiction when the [Appellee] admitted to soliciting business in Pennsylvania through its representatives physically coming into Pennsylvania and utilized Pennsylvania

court to obtain a judgment against the within [Appellant] several years ago[.] Appellant's Brief at 4.

■ ¶ 7 Our standard of review when faced with an appeal from an order sustaining preliminary objections is well established. "When preliminary objections, if sustained, would result in the dismissal of an action, such objections should be sustained only in cases which are clear and free from doubt." *Milam v. Milam,* 450 Pa.Super. 597, 677 A.2d 1207, 1210 (1996). Once the moving party supports its objections to personal jurisdiction, the burden of proving personal jurisdiction is upon the party asserting it. *Scoggins v. Scoggins,* 382 Pa.Super. 507, 555 A.2d 1314, 1317 (1989). Only where record evidence does not fairly support the trial court's disposition of preliminary objections challenging personal jurisdiction will the case be remanded for further proceedings. *Lox, Stock & Bagels, Inc. v. Kotten Machine Co.,* 261 Pa.Super. 84, 395 A.2d 954 (1978).

¶ 8 Taylor asserts that the trial court erred in sustaining Fedra's preliminary objections which raised lack of jurisdiction. Taylor maintains that the activities undertaken by individuals representing Fedra, as well as Fedra's actions, subject it to the jurisdiction of Pennsylvania courts. Specifically, Taylor argues that Fedra knew that representatives of Fedra solicited business from retailers in Pennsylvania, and accordingly, sufficient contacts existed to create jurisdiction. Furthermore, Fedra had previously sued Taylor in Pennsylvania. Thus, Fedra cannot now claim surprise in being haled into Pennsylvania courts.

■ ¶ 9 Pursuant to the Judiciary Act, 42 Pa.C.S.A. §§ 5301, *et seq.,* our courts may exercise two types of *in personam* jurisdiction over a non-resident defendant. *Efford v. Jockey Club,* 796 A.2d 370, 373 (Pa.Super.2002). One type of personal jurisdiction is general jurisdiction, which is founded upon a defendant's general activities within the forum as evidenced by continuous and systematic contacts with the state. *Efford,* 796 A.2d at 373. The other type is specific jurisdiction, which has a more defined scope and is focused upon the particular acts of the defendant that gave rise to the underlying cause of action. *Id.*

Regardless of whether general or specific *in personam* jurisdiction is asserted, the propriety of such an exercise must be tested against the Pennsylvania long arm statute, 42 Pa.C.S.A. § 5322, and the due process clause of the Fourteenth Amendment. In order to meet constitutional muster, a defendant's contacts with the forum state must be such that the defendant could reasonably anticipate being called to defend itself in the forum. Random, fortuitous and attenuated contacts cannot reasonably notify a party that it may be called to defend itself in a foreign forum and, thus, cannot support the exercise of personal jurisdiction. That is, the defendant must have purposefully directed its activities to the forum and conducted itself in a manner indicating that it has availed itself to the forum's privileges and benefits such that it should also be subjected to the forum state's laws and regulations.

*Id.* (citations omitted). The Pennsylvania long arm statute permits jurisdiction to be exercised "to the fullest extent allowed under the Constitution of the United States and may be based upon the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa.C.S.A. § 5322(b).[1]

1. Pennsylvania courts have recognized that

this provision renders the reach of the long

¶ 10 The Pennsylvania Long Arm Statute, provides, in pertinent part:

§ 5322. Bases of personal jurisdiction over persons outside this Commonwealth

(a) General rule.—A tribunal of this Commonwealth may exercise personal jurisdiction over a person (or the personal representative of a deceased individual who would be subject to jurisdiction under this subsection if not deceased) who acts directly or by an agent, as to a cause of action or other matter arising from such person:

(1) Transacting any business in this Commonwealth. Without excluding other acts which may constitute transacting business in this Commonwealth, any of the following shall constitute transacting business for the purpose of this paragraph:

(i) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object.

(ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.

(iii) The shipping of merchandise directly or indirectly into or through this Commonwealth.

(iv) The engaging in any business or profession within this Commonwealth, whether or not such business requires license or approval by any government unit of this Commonwealth.

(v) The ownership, use or possession of any real property situate within this Commonwealth.

42 Pa.C.S.A. § 5322.

■ ¶ 11 We find that several of the above referenced subsections are applicable in this case. During his deposition, the President of Fedra testified that there were at least two representatives, although permanently located in other states, that traveled into Pennsylvania for purposes of soliciting business at least annually. It is undisputed that Fedra solicited business from a Pennsylvania retailer, Taylor, on at least one occasion.. Thus, we find that personal jurisdiction may be exercised over Appellee pursuant to § 5322(a)(1)(i) and (ii). Additionally, on at least one occasion Fedra shipped merchandise directly into this Commonwealth, specifically to Taylor. Thus, we find 42 Pa.C.S.A. § 5322(a)(1)(iii) applies. Finally, we find that Fedra engaged in this business by sending its representatives into Pennsylvania for the purpose of soliciting business. This action provides a basis for jurisdiction pursuant to 42 Pa.C.S.A. § 5322(a)(1)(iv). Accordingly, we find Pennsylvania to have jurisdiction over Fedra pursuant to the Pennsylvania long arm statute.

■ ¶ 12 Moreover, we find that Fedra has purposefully directed its activities to the forum and conducted itself in a manner indicating that it has availed itself of the forum's privileges and benefits such that it should also be subjected to the forum state's laws and regulations. Fedra has previously filed suit in the Court of Common Pleas of Allegheny County Pennsylvania against Taylor. Thus, Fedra has availed itself of this forum's privileges and benefits and cannot now claim surprise in

arm statute coextensive with that permitted by the Due Process Clause of the Fourteenth

Amendment. *Efford*, 796 A.2d at 373, n. 2.

being haled into the same court it utilized in the past in suing Taylor. We find this tribunal has jurisdiction over Fedra and therefore, the trial court erred in sustaining Fedra's preliminary objections asserting lack of jurisdiction.

¶ 13 Order reversed. Case remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.