# GoInternet.net Inc. v. SBC Communications Inc.

*Steven E. Angstreich,* for plaintiffs.

*Albert H. Manwaring* and *Stuart D. Lurie,* for defendants.

SHEPPARD JR., *J.,* December 17, 2003—Before the court are the preliminary objections of defendant, SBC Communications Inc., to the amended complaint. Plaintiffs provided internet services to telephone customers of SBC and its subsidiaries in states other than Pennsylvania. Plaintiffs allege that they entered into contracts with certain defendants (the billing aggregators)[1] pursuant to which the billing aggregators were to forward to SBC and its subsidiaries the charges that their customers incurred for internet services provided by plaintiffs. Pursuant to separate contracts between SBC and the billing aggregators, SBC's subsidiaries were to bill those charges to their customers.

On or about February 1, 2003, SBC and/or its subsidiaries ceased billing, and refused to bill, their customers for those services provided by plaintiffs. Plaintiffs and

---

1. Although plaintiffs named the billing aggregators as defendants, plaintiffs apparently have not effected service of process on them. As a result this opinion will address the issues as they pertain to SBC, only.

SBC attempted to negotiate a resolution of their differences, but were unsuccessful. Plaintiffs then filed this action against SBC[2] alleging that:

(1) SBC tortiously interfered with plaintiffs' contracts with the billing aggregators;

(2) SBC tortiously interfered with plaintiffs' prospective business relations with plaintiffs' customers who were also customers of SBC's subsidiaries;

(3) SBC breached its contracts with the billing aggregators (to which contracts plaintiffs were third-party beneficiaries) by refusing to bill its subsidiaries' customers for plaintiffs' services;

(4) SBC unfairly competed with plaintiffs by advertising its own internet services to plaintiffs' customers who were also customers of SBC's subsidiaries;

(5) SBC intentionally and negligently misrepresented to plaintiffs that SBC would recommence billing plaintiffs' charges to their shared customers once the parties entered into a settlement agreement; and

(6) SBC should be equitably estopped from denying its representation that it would recommence billing plaintiffs' charges to their shared customers.[3]

---

2. Plaintiffs originally brought their claims against several of SBC's subsidiaries, but this court dismissed those subsidiaries for lack of personal jurisdiction. In their amended complaint, plaintiffs have simply repled their claims against SBC's subsidiaries as claims against the parent, SBC.

3. Plaintiffs also assert claims for breach of contract and specific performance against the billing aggregators.

SBC objects to all claims against it on the ground that it is not subject to either general or specific personal jurisdiction in Pennsylvania. Further, SBC objects to the breach of contract and the intentional and negligent misrepresentation claims on the basis that plaintiffs have failed to state claims upon which relief can be granted.

## I. PENNSYLVANIA DOES NOT HAVE GENERAL PERSONAL JURISDICTION OVER SBC

Pennsylvania courts may exercise general jurisdiction over a corporate defendant when that corporation carries on "a continuous and systematic part of its general business within" Pennsylvania. 42 Pa.C.S. §5301 (a)(2)(iii). "Since there is no established legal test to determine whether a corporation's activities are sufficiently continuous and systematic to warrant the exercise of general jurisdiction, a court engages in a factual analysis that focuses on the overall nature of the activity, rather than its quantitative character." *Bizarre Foods Inc. v. Premium Foods Inc.,* 2003 WL 21120690 *4 (E.D. Pa. May 16, 2003).

### A. *SBC's Subsidiary Does Not Subject It To Jurisdiction in Pennsylvania*

SBC is a Delaware corporation with its principal place of business in Texas. Plaintiffs do not allege that SBC engages in any activities that normally constitute continuous and systematic contact for jurisdictional purposes. Plaintiffs do not contend that SBC maintains offices in Pennsylvania, has agents or employees in

Pennsylvania, pays taxes in Pennsylvania, is registered with the Commonwealth to conduct business in Pennsylvania,[4] and/or owns or leases property in Pennsylvania. See *Efford v. The Jockey Club,* 796 A.2d 370, 375 (Pa. Super. 2002). However, plaintiffs do allege that one of SBC's subsidiaries, SBC Telecom, which is not otherwise involved in this litigation, engages in continuous and systematic business in Pennsylvania, which SBC does not dispute.

"Generally a foreign corporation is not subject to the jurisdiction of [Pennsylvania courts] merely because of its ownership of the shares of stock of a subsidiary doing business in [Pennsylvania]." *Rose v. Continental Aktiengesellschaft,* 2001 WL 236738 *3 (E.D. Pa. Mar. 2, 2001). "That the companies may have a close relationship or may coordinate and cooperate . . . is not sufficient to impute forum contacts." *Id.*

"Plaintiffs rely on the inclusion in [SBC's] consolidated annual report of financial information on its subsidiaries, the listing on [SBC's] internet site of information about its subsidiaries; [SBC's] ownership of [SBC Telecom's] stock; . . . and sales by [SBC Telecom] . . . of [SBC] products in Pennsylvania. *These factors are insufficient to make the requisite showing for imputation of forum contacts for purposes of personal jurisdiction.*" *Id.* (emphasis added) See also, *Botwinick v. Credit Ex-*

---

4. Plaintiffs allege that SBC has reserved its name in Pennsylvania for future use. The possibility that SBC may do business here in the future does not give this court present general personal jurisdiction over SBC.

*change Inc.*, 419 Pa. 65, 213 A.2d 349 (1965) (New York parent not subject to jurisdiction in Pennsylvania even though its similarly named, wholly owned subsidiary was a Pennsylvania corporation and the two had a close business relationship).[5]

The activities of SBC's subsidiary, SBC Telecom, do not confer general jurisdiction over SBC in Pennsylvania based on an alter-ego theory of jurisdiction.

## B. *SBC's Website Does Not Subject It to Jurisdiction in Pennsylvania*

Plaintiffs also allege that SBC maintains a "worldwide web site" for both general advertising and sales purposes. Pennsylvania courts "addressing the relationship between personal jurisdiction and the foreign [defendant's] internet web sites ha[ve] established a 'sliding scale' of jurisdiction based largely on the degree and type of interactivity on the web site." *Efford v. The Jockey Club*, 796 A.2d 370, 374 (Pa. Super. 2002). With respect to "interactive web sites where the user can exchange information with the host computer . . . the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the web site." *Id.* "[T]he establishment of a web site through which customers can order products does not, on its own, suffice to establish

---

5. But see *Directory Dividends Inc. v. SBC Communications Inc.*, 2003 WL 21961448 (E.D. Pa. Jul. 2, 2003) (finding SBC subject to jurisdiction in Pennsylvania where three of its co-defendant subsidiaries had consented to Pennsylvania jurisdiction and parent and subsidiaries had a unified marketing image, or brand).

general jurisdiction" unless the web site is "targeted specifically to reach out to Pennsylvanians." *Molnlycke Health Care AB v. Dumex Medical Surgical Products Ltd.,* 64 F. Supp.2d 448, 451-52 (E.D. Pa. 1999).

SBC's web site is accessible to Pennsylvania residents, as well as everyone else with internet access. The web site is not targeted to Pennsylvania residents, however Pennsylvania residents can purchase a limited number of goods and services from a few of SBC's subsidiaries through their connected web sites. If the SBC web site targets any particular region, it is targeted towards those states in which SBC's other subsidiaries conduct their business,[6] rather than Pennsylvania. Therefore, SBC's web site does not subject SBC to jurisdiction in Pennsylvania.[7]

## C. *SBC's Advertising Does Not Subject It to Jurisdiction in Pennsylvania*

Plaintiffs further allege that SBC has undertaken an advertising campaign to sell internet service nationwide, including in Pennsylvania. "National advertising . . . is

---

6. The SBC subsidiaries that plaintiffs originally sued provide local telephone service in Texas, California, Nevada, Illinois, Indiana, Michigan, Ohio, Wisconsin, Arkansas, Missouri, Oklahoma and Connecticut, but not in Pennsylvania. Plaintiffs also claim that SBC's subsidiary (and alleged alter-ego) SBC Telecom offers products and services in 20 states, including Pennsylvania.

7. But see *Directory Dividends Inc. v. SBC Communications Inc.,* 2003 WL 21961448 (E.D. Pa. Jul. 2, 2003) ("The ability of Pennsylvania residents to purchase SBC products and services for use in Pennsylvania over the SBC web site subjects SBC to the jurisdiction of this court.").

not a basis for personal jurisdiction." *Rose v. Continental Aktiengesellschaft,* 2001 WL 236738 *2 (E.D. Pa. Mar. 2, 2001). "[A]n advertising or other business campaign aimed at selling a particular item . . . cannot be deemed to be purposefully directed at Pennsylvania even if some Pennsylvania residents respond to that campaign." *Molnlycke Health Care AB v. Dumex Medical Surgical Products Ltd.,* 64 F. Supp.2d 448, 451-52 (E.D. Pa. 1999).[8] Since "[t]here is no indication that Pennsylvania is an essential part of the conduct of [defendant's advertised internet] business," SBC's advertising does not subject it to general jurisdiction in Pennsylvania. *Id.*

## II. PENNSYLVANIA DOES NOT HAVE SPECIFIC PERSONAL JURISDICTION OVER SBC

Plaintiffs' actionable claims against SBC all sound in tort,[9] so the tort provisions of Pennsylvania's long-arm statute must apply in order for Pennsylvania to assert specific personal jurisdiction over SBC. Since plaintiffs do not allege that SBC committed any tortious activities in Pennsylvania, the only basis for asserting specific jurisdiction in this case is if SBC "caus[ed] harm or tor-

---

8. Cf. *Gavigan v. Walt Disney World Co.,* 646 F. Supp. 786 (E.D. Pa. 1986) (General jurisdiction existed over defendant where defendant's parent and sister organizations regularly advertised for the benefit of defendant on Philadelphia television stations and in Philadelphia newspapers, appeared in Philadelphia and bestowed an honorarium on Philadelphia mayor, and engaged in promotional campaign at Philadelphia department store.).

9. Plaintiffs' breach of contract claim must be dismissed for failure to state a claim. See section III A., *infra.*

tious injury in [Pennsylvania] by an act or omission outside [Pennsylvania]." 42 Pa.C.S. §5322(a)(4). In order to satisfy this statute and the requirements of due process, plaintiffs must "show the following to allow for specific jurisdiction over a non-resident defendant:

"(1) the defendant committed an intentional tort;

"(2) [Pennsylvania] was the focal point of the harm suffered by the plaintiff as a result of the tort;

"(3) [Pennsylvania] was the focal point of the tortious activity in the sense that the tort[ious conduct] was expressly aimed at the forum." *American Business Financial Services Inc. v. First Union National Bank,* 2002 WL 433735 *8 (Phila. Co. Mar. 5, 2002). See also, *IMO Industries Inc. v. Kiekert AG,* 155 F.3d 254 (3d Cir. 1998) (tortious interference that caused harm to NJ plaintiff was committed in NY and Italy and therefore did not confer specific jurisdiction in NJ).

"While the defendant's knowledge that the plaintiff is located in [Pennsylvania] is essential . . . such knowledge alone is insufficient to show that the defendant specifically targeted its conduct toward the forum." *American Business,* 2001 WL 433735 *8. See also, *IMO Industries,* 155 F.3d at 263 ("the mere allegation, that the plaintiff feels the effect of the defendant's tortious conduct in [Pennsylvania] because the plaintiff is located there, is insufficient" to establish specific jurisdiction over the defendant).

The court must determine whether specific jurisdiction exists with respect to each claim brought against SBC because it is possible that the court will have jurisdiction with respect to some, but not all, of the claims.

See *Remick v. Manfredy,* 238 F.3d 248, 255 (3d Cir. 2001). In this case, however, the court lacks specific jurisdiction over SBC with respect to all of the plaintiffs' remaining claims against it.

A. *Tortious Interference with Existing and Prospective Business Relations (Counts I and II)*

Plaintiffs allege that SBC tortiously interfered with plaintiffs' contracts with the billing aggregators, in that SBC refused to bill its customers for plaintiffs' services thereby causing the billing aggregators not to perform the contract. Plaintiffs also allege that SBC tortiously interfered with plaintiffs' contracts with their customers by refusing to bill the customers for plaintiffs' services. All of the parties' shared customers reside outside of Pennsylvania, and used plaintiffs' internet services outside of Pennsylvania, and the services were billed to SBC by the billing aggregators outside of Pennsylvania, and were billed by SBC and its subsidiaries to the customers in states other than Pennsylvania. In other words, the business relationships with which defendant allegedly interfered existed outside of Pennsylvania, although the harm caused by the interference was felt by plaintiffs in part in Pennsylvania because that is where plaintiffs are located.

"Foreseeability of harm within [Pennsylvania] must be accompanied by conduct directed at [Pennsylvania] in order for the defendant to reasonably anticipate being haled into [Pennsylvania's] courts. There is a critical difference between an act which has an effect in the forum

and one directed at the forum itself . . . Standing alone, the allegation that tortious conduct outside Pennsylvania forseeably caused harm inside Pennsylvania is simply not enough to alert a reasonable person that he might be haled into a Pennsylvania court." *Surgical Laser Technologies Inc. v. C.R. Bard Inc.*, 921 F. Supp. 281 (E.D. Pa. 1996) (tortious interference that caused harm to PA plaintiff was committed in India so it did not confer specific jurisdiction). See also, *Remick v. Manfredy,* 238 F.3d 248, 260 (3d Cir. 2001) (where the contract with which defendant interfered was being, or was to be, performed in Pennsylvania, then specific jurisdiction over the defendant with respect to a tortious interference claim was appropriate); *Sudofsky v. JDC Inc.,* 2003 WL 22358448 *4 (E.D. Pa. Sept. 8, 2003) (where none of the defendant's alleged interfering activities took place in Pennsylvania, defendant was not subject to specific jurisdiction in Pennsylvania, even though plaintiffs resided there and performed at least part of the subject contract within Pennsylvania).

Thus, SBC's alleged interference with contracts that were to be performed outside of Pennsylvania does not subject it to specific jurisdiction in Pennsylvania with respect to plaintiffs' tortious interference claims.

### B. *Unfair Competition (Count IV)*

Plaintiffs allege that SBC unfairly competed with them by advertising SBC's (or its subsidiaries') competing internet service to plaintiffs' customers in their bills from SBC's subsidiaries. All of such competing activities took place outside of Pennsylvania, in the other states where

SBC's subsidiaries do business, so such activities do not serve as a basis for jurisdiction in Pennsylvania.

Although one of SBC's subsidiaries allegedly advertises its competing internet access in Pennsylvania, plaintiffs' unfair competition claim is based on SBC's Texas billing practices, not its Pennsylvania advertising practices. "Only those forum contacts related to plaintiff[s'] cause of action are relevant to [the specific jurisdiction] analysis." *Surgical Laser Technologies Inc. v. C.R. Bard Inc.,* 921 F. Supp 281 (E.D. Pa. 1996). See *IMO Industries Inc. v. Kiekert AG,* 155 F.3d 254, 265 (3d Cir. 1998). Therefore, the advertising that SBC's subsidiary does in Pennsylvania does not convey specific jurisdiction over SBC in Pennsylvania with respect to plaintiffs' unfair competition claim.

### C. *Intentional Misrepresentation and Equitable Estoppel (Counts V and VIII)*

Plaintiffs allege that SBC promised plaintiffs that it (or its subsidiaries) would recommence billing plaintiffs' charges to their shared customers once the parties entered into a settlement agreement. Such promises were allegedly made during the course of the parties' settlement discussions in person (in Texas) and over the phone (in Texas, Illinois, and Pennsylvania). A few phone calls and/or letters into the forum are not sufficient to establish minimum contacts for jurisdictional purposes where, as here, the focus of the dispute is outside the forum in those states where SBC's subsidiaries provided phone service. See *IMO Industries Inc. v. Kiekert AG,* 155 F.3d 254, 268 (3d Cir. 1998); *Lynch v. New Jersey Automo-*

*bile Full Insurance Underwriting Assoc.,* 762 F. Supp. 101, 104 (E.D. Pa. 1991) ("The placing of telephone calls or the sending of letters into the forum by a party to a contract is not sufficient."). See also, *Sudofsky v. JDC Inc.,* 2003 WL 22358448 *4 (E.D. Pa. Sept. 8, 2003) (a single visit to forum by defendant during which he allegedly made misrepresentations did not subject him to specific personal jurisdiction on misrepresentation claims).

Here, by engaging in, but ultimately terminating, the settlement negotiations, SBC did not "reach out beyond [Texas] and create continuing relationships and obligations with citizens of [Pennsylvania, *i.e.,* plaintiffs,] . . . [and thereby] purposely derive benefit from [such] interstate activities." *Bizarre Foods Inc. v. Premium Foods Inc.,* 2003 WL 21120690 *6 (E.D. Pa. May 16, 2003) (specific jurisdiction was found where defendant entered into contract with Pennsylvania party and contract called for performance in Pennsylvania). Therefore, Pennsylvania does not have specific jurisdiction over SBC with respect to claims arising out of the promises SBC made during its settlement discussions with plaintiffs.

## III. FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### A. *Breach of Contract Claim (Count III)*

Plaintiffs allege that they are third-party beneficiaries of SBC's contract with the billing aggregators and, as a result, that they may bring a claim for breach of that contract against SBC. SBC argues that plaintiffs do not have

standing to bring a claim against SBC for breach of SBC's contracts with the billing aggregators.

Under Texas law,[10] "[a] third party may recover on a contract made by other parties only if the parties intended to secure some benefit to that third party, and only if the parties entered into the contract directly for the third party's benefit. The intention to contract or confer a direct benefit to a third party must be clearly and fully spelled out or enforcement by the third party must be denied." *Carson Energy Inc. v. Riverway Bank,* 100 S.W.2d 591, 599 (Tex. App. 2003). Likewise under Pennsylvania law, "a party becomes a third party beneficiary only where both parties to the contract express an intention to benefit the third party in the contract itself . . . *unless* the circumstances are so compelling that recognition of the beneficiary's right is appropriate to effectuate the intention of the parties, and the performance satisfies an obligation of the promisee to pay money to the beneficiary or the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance." *Scarpitti v. Weborg,* 530 Pa. 366, 372-73, 609 A.2d 147, 149 (1992) (emphasis in original) citing Restatement (Second) of Contracts §302 (1981).

The sample of the billing aggregators' contract with SBC attached to the amended complaint does not expressly state that plaintiffs are intended third-party ben-

---

10. The parties do not agree as to the law that applies to plaintiffs' claims. SBC claims Texas law applies, and plaintiffs argue that Pennsylvania law applies. With respect to the third-party beneficiary issue, there is no substantive conflict between the two states' laws.

eficiaries of such contract. Instead, the contract expressly states that plaintiffs are not third-party beneficiaries of that contract. See amended complaint, exhibit 6, ¶16.0. Therefore, plaintiffs lack standing to bring a claim for breach of such contracts, and Count III of the complaint must be dismissed.

## B. *Fraud and Negligent Misrepresentation (Count VI)*

Plaintiffs allege that SBC falsely promised plaintiffs that it (or its subsidiaries) would recommence billing plaintiffs' charges to their shared customers once the parties entered into a settlement agreement. The parties do not agree as to whether the alleged misrepresentation claims are governed by Texas or Pennsylvania law. Under Texas law, a promise to perform in the future may be actionable fraud if the party making the promise had no intention of keeping the promise at the time it was made. See *Spoljaric v. Percival Tours Inc.,* 708 S.W.2d 432, 434 (Tex. 1986). Under Pennsylvania law, "it is well established that a cause of action for fraud must allege a misrepresentation of a past or present material fact . . . a promise to do something in the future . . . is not a proper basis for a cause of action for fraud." *Krause v. Great Lakes Holdings Inc.,* 387 Pa. Super. 56, 67-68, 563 A.2d 1182, 1187 (1989). Because the parties have not briefed the issue of which state's law applies, the court does not decide that issue and would allow the fraud claim to stand.[11]

---

11. However, in light of the finding that this court lacks jurisdiction, the fraud claim must also be dismissed.

However, the court will dismiss plaintiffs' negligent misrepresentation claim, which is based on the same promise of future performance, because such a claim is not actionable under either Pennsylvania or Texas law. See *Creative Dimensions in Management Inc. v. Thomas Group Inc.*, 1999 WL 225887 *2 (E.D. Pa. Apr. 16, 1999) (Texas law); *Krause*, 563 A.2d 1182 (Pennsylvania law); *Barnett v. Legacy Bank of Texas*, 2003 WL 22358578 *8 (Tex. App. Oct. 16, 2003) (Texas law).

## CONCLUSION

In summary, then, SBC's preliminary objections to the amended complaint are sustained and the action as against SBC is dismissed. This court will enter a contemporaneous order consistent with this opinion.

## ORDER

And now, December 17, 2003, upon consideration of the preliminary objections of defendant, SBC Communications Inc., to the amended complaint, the response in opposition, the respective memoranda, all other matters of record, and in accord with the contemporaneous opinion, it is ordered that said preliminary objections are sustained as follows:

"(1) Counts I, II, IV, V, and VIII of plaintiffs' amended complaint are dismissed because this court lacks personal jurisdiction over SBC Communications Inc. with respect to those claims;

"(2) Count III (breach of contract) and the negligent misrepresentation claim in Count VI are dismissed for failure to state a claim upon which relief can be granted."