J-A02021-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| JOHN WILLIAMS, AN INCAPACITATED PERSON, BY BRANDY WILLIAMS, GUARDIAN (AD LITEM); JOHN WILLIAMS, BRANDY WILLIAMS | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | No. 938 WDA 2017 |
| OAO SEVERSTAL, SEVERSTAL RESOURCES, PBS COALS, INC; MINE SAFETY APPLIANCES COMPANY | : : : : : | |
| v. | : : : | |
| TRI-STATE SAFETY TRAINING SERVICES | : : : | |
| APPEAL OF: OAO SEVERSTAL | : | |

Appeal from the Order May 31, 2017
In the Court of Common Pleas of Westmoreland County Civil Division at
No(s): 1396 of 2014

BEFORE: BOWES, J., OLSON, J., and KUNSELMAN, J.

CONCURRING MEMORANDUM BY KUNSELMAN, J.:

FILED OCTOBER 03, 2019

In this negligence and loss-of-consortium case, two Pennsylvanians, John and Brandy Williams (husband and wife), sued three defendants in a Pennsylvania trial court. One of the defendants is OAO Severstal, a Russia-based corporation. The Williamses accuse Severstal of committing torts and violating federal law in this Commonwealth. In its preliminary objections

("POs"), Severstal alleged no new facts casting doubt upon the Williamses' accusations. Thus, Severstal's POs created no genuine issue of fact necessitating an evidentiary inquiry by the trial court. That court therefore could have, and in my view should have, summarily overruled Severstal's jurisdictional PO.

The sovereign right of Pennsylvania to protect its citizenry from harm that foreign actors commit on Pennsylvania soil is beyond question. Thus, the trial court was ultimately correct in overruling the POs, and I concur with Judge Bowes to affirm that order, albeit on different grounds.

I.      Allegations in the Complaint & Preliminary Objections

In their complaint, the Williamses allege that Severstal committed both nonfeasance and malfeasance in Pennsylvania and those acts or omissions harmed the Williamses in Pennsylvania. See Complaint at 4-5. According to the complaint, the negligence of Severstal and other defendants, as well as their violations of the United States Mine Safety and Health Act,[1] caused a catastrophic injury to Mr. Williams, when he fell over 40 feet from a coal bin he was helping to build at a coal mine. Id. at 5-9, 14-15.

The Williamses assert Severstal and its Pennsylvania-based subsidiary (PBS Coals, Inc.) both owed Mr. Williams "all of those duties due an invitee including, but not limited to, the duty to provide a safe premise and to inspect for any potentially dangerous condition" at the mine in Somerset County. Id.

─────────────────────────────

[1] 30 U.S.C. §§ 811-966.

at 5. Severstal allegedly breached the standard of care under our law of torts, by and through its employees, agents, and/or servants, which include its subsidiary, PBS Coals, Inc., another defendant in this lawsuit. See id. at 12-14. This included (1) failing to provide a safe work environment, (2) failing to supervise the work location, (3) failing to provide adequate fall-prevention equipment, and (4) "negligently requiring Mr. Williams to anchor" his safety harness at his "foot level instead of above the point of operation." Id. at 14. All of these violations of common law and federal law allegedly occurred within the territorial confines of this Commonwealth.

The injuries Mr. Williams suffered left him incapacitated and deprived Mrs. Williams "of the care, comfort, society, and services of her husband." Id. at 19. These injuries, their financial impact, and the pain and suffering they caused have – per the complaint – damaged the Williamses in Pennsylvania and will continue to inflict harm in Pennsylvania for the foreseeable future. See id. at 18-19.

Severstal "is a Russian-conglomerate-mining company with assets in a number of countries around the world, including Russia and the United States." Id. at 1; see also Severstal's POs at 4. Severstal filed POs to the Williamses' complaint.[2]

---

[2] The first PO challenged the Williamses' service of process. The trial court sustained that PO but granted the Williamses 90 days to perfect service. The parties agree that that issue has since been resolved.

- 3 -

The PO at issue here alleged that the trial courts lacked in personam jurisdiction over Severstal, as a foreign corporation. Without argument or explanation, Severstal unilaterally declared it had "supported its jurisdictional objection," so that "the burden shift[ed] to the [Williamses] to prove that there is statutory and constitutional support for the trial court's exercise of in personam jurisdiction.'" Severstal's POs at 7 (quoting Efford v. The Jockey Club, 796 A.2d 370, 373 (Pa. Super. 2002)).

Olga Khokhlova, the Head of Legal Projects Department for Severstal, signed a declaration that Severstal attached to its POs. She says Severstal has offices in Cherepovets, Russia and Moscow. See Exhibit A of Severstal's POs at 1. She also asserts that Severstal does not directly own or control PBS Coals, Inc. See id. at 2. Ms. Khokhlova also denies Severstal has any employees in this Commonwealth. However, she fails to contest the Williamses' claim that it has agents working within Pennsylvania through which it could vicariously act. See id. Most critically, nowhere in the POs does Severstal specifically counter the Williamses' allegation that it, by and through its agents, broke the law in this Commonwealth and harmed them in this Commonwealth.

The trial court ordered discovery on the POs and heard oral argument in January of 2017. Four months later, the trial court overruled the PO regarding jurisdiction. It then certified that a substantial question as to its jurisdiction existed and thereby authorized this timely, interlocutory appeal.

II.    Analysis

- 4 -

Severstal raises three issues in its appellate brief.

First, it challenges the long-time, Pennsylvania practice of not requiring plaintiffs to plead the existence of in personam jurisdiction in their complaints. For the reasons in the lead Memorandum, I agree that this issue lacks merits.

Severstal's remaining two issues challenge the trial court's assertion of specific, in personam jurisdiction over it.  They are:

A.      Whether the trial court committed an error of law when it denied [Severstal's PO] to the court's exercise of jurisdiction over it, holding that it had jurisdiction under 42 Pa.C.S.A. § 5322.

B.      Whether the trial court's holding that it had specific, personal jurisdiction under 42 Pa.C.S.A. § 5322 over [Severstal] in this personal injury action is inconsistent with the Due Process requirements of the Fourteenth Amendment.

Severstal's Brief at 6.  Essentially, both of these issues raise the same question – i.e., whether the trial court has in personam jurisdiction over Severstal, as a matter of law.  I therefore address them simultaneously.

Severstal contends that "neither the [Williamses] nor the trial court ever identified any particular act on the part of [Severstal] that gave rise to the cause of action purportedly brought against it, and, as a result, constituted a basis for exercising jurisdiction over it."  Id. at 16.  That statement disregards all of the factual allegations the Williamses levied against Severstal in their complaint.

When reviewing a grant or denial of POs, our scope and standard of review is well settled.  We "must determine whether it is clear and free from

doubt from all the facts pleaded that [plaintiffs] will be unable to prove facts legally sufficient to establish jurisdiction . . . . This raises questions of law as to which our standard of review is de novo." Ciamaichelo v. Indep. Blue Cross, 909 A.2d 1211, 1216 n.7 (Pa. 2006). Moreover:

> when deciding a motion to dismiss for lack of personal jurisdiction, the court must consider the evidence in the light most favorable to the [plaintiff. If] the moving party supports its objections to personal jurisdiction, the burden of proving personal jurisdiction is upon the party asserting it.

Sulkava v. Glaston Finland Oy, 54 A.3d 884, 889 (Pa. Super. 2012). Here, Severstal presumes it shifted that burden to the Williamses. See Severstal's POs. at 7. I disagree with that presumption.

Pennsylvania Rule of Civil Procedure 1028 does not require a trial court to examine evidence beyond the allegations of a complaint and a jurisdictional PO, if the allegations in those two pleadings do not give rise to a disputed question of fact. After a party files a jurisdictional PO, the Rule directs, "If an issue of fact is raised, the court shall consider evidence by deposition or otherwise." Pa.R.Civ.P. 1028(c)(2) (emphasis added).

That is a big "if." As this Court has held, if "neither party presented evidence that raised factual issues which required the creation of an evidentiary record," the jurisdictional PO "presented a pure question of law [and] there was no need to develop an evidentiary record." Nutrition Management Services Co. v. Hinchcliff, 926 A.2d 531, 536 (Pa. Super. 2007). In that case, a defendant law firm from New York admitted it had

made all of the contacts with Pennsylvania that the plaintiff alleged. Thus, there was nothing for the trial court to glean by taking evidence. This Court concluded that, based upon the face of the pleadings, "the issue raised by [the PO] was whether the allegations in [the plaintiff's] complaint were legally sufficient to sustain specific, personal jurisdiction." Id.

Here, as in Nutrition Management, there was nothing for the trial court to glean by taking evidence, because none of facts that Severstal pleaded in its PO cast doubt upon the jurisdiction-conferring allegations in the complaint. Severstal did not deny that it had committed unlawful acts in this Commonwealth or that those unlawful acts injured the Williams in this Commonwealth. Instead, it simply stated, in a conclusory fashion, that it had supported its jurisdictional objections. See Severstal's PO at 7.

In fact, the exhibit that Severstal attached to its POs did not even qualify as an affidavit, because it was not given under oath or upon affirmation. See Exhibit A of Severstal's POs at 1. Therefore, technically Olga Khokhlova's declaration was not evidence at all. Severstal produced no evidence to support its PO, much less sufficient evidence to shift the burden of proof to the plaintiffs.

Even if we treated Ms. Khokhlova's declaration as an affidavit (which we may not), she never denies the fundamental basis for specific jurisdiction that rises from the allegations in the Williamses' complaint – i.e., that Severstal, by and through its agents, committed a tort and violated federal law in this Commonwealth. The trial court therefore had no need to look beyond the

allegations in the Williamses' complaint and Severstal's non-denial of those allegations in its POs. For we have said a party raising a jurisdictional PO:

> may not sit back and, by the bare allegations as set forth in the preliminary objections, place the burden upon the plaintiff to negate those allegations. It is only when the moving party properly raises the jurisdictional issue that the burden of proving jurisdiction is upon the party asserting it. If an issue of fact is raised, the court shall take evidence by deposition or otherwise.

Nutrition Management, 926 A.2d at 535 (quoting Schmitt v. Seaspray–Sharkline, Inc., 531 A.2d 801 (1987) (emphasis in original).

As in Nutrition Management, neither party's pleading raised a genuine factual issue as to whether the trial court had specific jurisdiction over the Williamses' allegation against Severstal. Accordingly, the trial court should have decided Severstal's POs on their face, and so should we. Thus, under Nutrition Management and Pa.R.Civ.P. 1028(c)(2) I limit my scope of review to the operable pleadings: (1) the Williamses' complaint and (2) Severstal's POs.

The Pennsylvania Long-Arm Statute permits a plaintiff to hale into the courts of this Commonwealth any foreign defendant who, among other things, causes "harm or tortious injury by an act or omission in this Commonwealth." 42 Pa.C.S.A. § 5322(a)(3) (emphasis added). In this case, the Williamses allege precisely that. As explained in my recitation of the pleadings above, they assert that:

1. Severstal breached Pennsylvania's standard of care for common-law negligence in this Commonwealth,

2. Severstal violated the federal health and safety statutes in this Commonwealth, and

3. Severstal's breaches of the common law and violations of statutory law directly harmed them in this Commonwealth.

See Complaint at 1-25.

As such, this is not a case where the alleged tort and harm manifested themselves in another jurisdiction, but the plaintiffs nevertheless elected to sue in Pennsylvania. See, e.g., Hammons v. Ethicon, Inc., 190 A.3d 1248 (Pa. Super. 2018), allowance of appeal granted, 206 A.3d 495 (Pa. 2019) (involving a products-liability claim that accrued in Indiana, where a surgeon implanted defective virginal mesh into an Indiana resident; she sued the New Jersey-based manufacturer in Pennsylvania, even though no harm befell her here). Severstal's other 20+ contacts with Pennsylvania, upon which the trial court based its assertion of specific jurisdiction and which my learned colleagues find insufficient, I find irrelevant.

Severstal's unlawful conduct, if it occurred at all, occurred in this Commonwealth. If 42 Pa.C.S.A. § 5322(a)(3) requires anything more before our courts may assert in personam jurisdiction over a non-resident tortfeasor, I cannot conceive of it. Moreover, Severstal has not argued otherwise. It does not maintain (much less convince me) that Section 5322(a)(3) is inoperative.

Thus, I conclude that the complaint, in conjunction with Severstal's POs, establishes the trial court has specific, statutory, in personam jurisdiction to adjudge whether, by or through its agents, Severstal unlawfully harmed the Williamses in Pennsylvania. Severstal's argument against statutory jurisdiction discounts the plain language of Section 5322(a)(3) and overlooks the well-pleaded allegations of the complaint. Nothing in the PO undermines the complaint's primary allegation that an out-of-state corporation sent its agents into Pennsylvania and unlawfully harmed the Williamses in Pennsylvania. Therefore, I conclude that our Long-Arm Statute permits in personam jurisdiction over that corporate entity in Pennsylvania, specifically to adjudicate the Williamses' accusations.

Severstal's Fourteenth Amendment argument is equally unpersuasive. Severstal claims Pennsylvania's exercise of in personam jurisdiction over it would "deprive [it] of . . . property, without due process of law." U.S. Const. Amend. XIV.

The Williamses alleged Severstal enjoyed the privilege of conducting a mining operation in Pennsylvania and those activities illegally injured them in Pennsylvania. In the United States, it has long been held that, when "a corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protection of the laws of that state. The exercise of that privilege may give rise to obligations; and, so far as those obligations arise out of or are connected with the activities within the state, a procedure which requires the corporation to respond to a suit brought to enforce them

can, in most instances, hardly be said to be undue." International Shoe Co. v. Washington, 326 U.S. 310, 319, (1945).

Here, the complaint asserts Severstal, by and through its agents, was present in this Commonwealth for the privilege of mining and using its coal. As a part of that mining operation, the common law of torts and a federal statutory scheme imposed certain obligations upon Severstal and its agents to act reasonably and comply with Congress's law. If the allegations in the Williamses' complaint prove true, Severstal was under legal obligations to protect Mr. Williams from harm while an invitee at their mine and to follow the federal law. According to the complaint, Severstal failed in both respects. If the Williamses produce evidence in discovery supporting their allegations, then in this Commonwealth's assertion of specific, in personam jurisdiction over Severstal can "hardly be said to be undue." Id.

If, on the other hand, the Williamses produce no evidence linking Severstal to acts or omissions in this Commonwealth, then dismissal of Severstal will be appropriate at summary judgment.[3] Only then would it become clear and free from doubt that specific, in personam jurisdiction over Severstal is lacking, because Severstal would have, as a matter of law, caused no harm in this Commonwealth.

_____

[3] Additionally, if the Williamses produce only some or questionable evidence, dismissal may eventually be appropriate at trial by compulsory nonsuit or a jury verdict in favor of Severstal.

If Severstal's agents harmed the Williamses here, then a court may constitutionally assert specific, in personam jurisdiction to redress that harm here. In other words, the alleged, minimum contacts between Severstal and this Commonwealth, under International Shoe, are the alleged acts and omissions that gave rise to this cause of action. Nothing in Severstal's POs counters that basic premise of the Williamses' lawsuit.

Indeed, if Severstal's agents entered this Commonwealth, broke its law, and injured its citizens, no State or Nation is better suited to redress the Williamses' injuries than Pennsylvania, the locus delicti.[4] Severstal cannot complain if its tort victims summon it before the courts of the very State where it allegedly wronged them. Compare Walsh v. Chez, 418 F. Supp. 2d 781 (W.D. Pa. 2006) (finding specific jurisdiction in Pennsylvania over an Illinois doctor constitutionally permissible, when a malpractice claim centered upon doctor's altering of a prescription by phone while the plaintiff was in Pennsylvania) with Mendel v. Williams, 53 A.3d 810 (Pa. Super. 2012) (finding no constitutional basis for jurisdiction over a New Jersey doctor and hospital, when the malpractice claim centered on allegedly negligent treatment in New Jersey). Asserting Pennsylvania's judicial power over unlawful conduct in Pennsylvania, that allegedly harms a plaintiff in Pennsylvania, comports with "traditional notions of fair play and substantial justice." International Shoe, 326 U.S. at 316. Severstal cannot claim unfair

_____

[4] Latin, literally translating "the location of the offense."

surprise that someone would summon it before the courts of this Commonwealth to answer the allegation that its agents unlawfully harmed two citizens of this Commonwealth in this Commonwealth.

The Fourteenth Amendment's Due Process Clause does not override 42 Pa.C.S.A. § 5322(a)(3) as I apply it to the pleadings at bar. Hence, I agree with Judge Bowes – Severstal's jurisdictional claim has no merit at this juncture.

I concur in the result to affirm the order overruling the jurisdictional preliminary objection.