**MAR–ECO, INC., t/d/b/a Keystone Ford, Appellee,**

v.

**T & R AND SONS TOWING AND RECOVERY, INC., and Waldorf Ford, Inc., and Tamara Siebert–Higgs.**

**Appeal of: Waldorf–Ford, Inc., Appellant.**

Superior Court of Pennsylvania.

Argued June 10, 2003.
Filed Nov. 19, 2003.

Barry A. Kronthal, Camp Hill, for appellant.

Charles T. Young, Harrisburg, for appellee.

BEFORE: MUSMANNO, BOWES and POPOVICH, JJ.

OPINION BY MUSMANNO, J.:

¶ 1 Waldorf Ford, Inc., ("Waldorf") appeals from the Order which overruled Waldorf's preliminary objections challenging the jurisdiction of the Court of Common Pleas of Franklin County and held in favor of Mar–Eco, Inc., t/d/b/a Keystone Ford ("Keystone"). We affirm.

¶ 2 The trial court set forth the facts of the case as follows:

[Waldorf] is a corporation in the business of buying and selling motor vehicles. Its principal place of business is in Waldorf, Maryland. [Keystone] is a Pennsylvania corporation which is also in the vehicle purchase and sales busi-

ness. [Keystone] alleges [Waldorf] is liable under theories of negligence and unjust enrichment arising from a vehicle financing transaction.

The sale of the vehicle occurred in Maryland and the purchasers (the remaining defendants) were Maryland residents. [Waldorf] allegedly failed to timely record [Keystone's] security interest in the vehicle, resulting in the remaining defendants acquiring title free and clear of any liens. All documents necessary to complete the transaction were signed in Maryland and that State issued the title. [Keystone] nevertheless alleges Pennsylvania has personal jurisdiction over [Waldorf] because: "Waldorf regularly conducts business in Pennsylvania through advertising and at its world wide [website], www.waldorf-ford.net, where customers can order parts, schedule service, apply for financing, calculate payments, search Waldorf's new and used vehicle inventory and apply for employment." (Complaint, paragraph 8, Exhibit A consists of several pages downloaded and printed from the site in support of this averment).[ FN] The issue is whether this [website] provides sufficient basis for Pennsylvania to exercise personal jurisdiction over [Waldorf].

[ FN] [Waldorf] asserts in its brief that these pages do not represent the [website] as it currently exists. However, as correctly noted by [Keystone], jurisdiction does not fail merely because [Waldorf] changes its practices once a claim is filed against it. The court must refer to the [website] as it existed when the complaint was filed. 42 Pa.C.S.A. section 5301(b).

Trial Court Opinion, 6/28/02, 1–2 (footnote in original).

¶ 3 On June 28, 2002, the trial court overruled Waldorf's preliminary objections that challenged personal jurisdiction based upon Waldorf's connection to Pennsylvania through its website. On July 31, 2002, upon Motion of Waldorf, the trial court amended its Order of June 28, 2002 and added language stating that its ruling presents a substantial issue of jurisdiction pursuant to Pennsylvania Rule of Appellate Procedure 311(b)(2).[1] Thereafter, Waldorf filed this timely appeal.

¶ 4 Waldorf presents the following issues for our review:

A. Whether Keystone Ford has failed to establish [the trial court's] personal jurisdiction over Waldorf Ford?

B. Whether the lower court erred in failing to permit discovery to establish the lack of personal jurisdiction?

Brief of Appellant, at 4.

¶ 5 Our standard of review of an order of the trial court overruling preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court. *Smith v. Weaver,* 445 Pa.Super. 461, 665 A.2d 1215, 1217 (1995).

---

1. Rule 311 governs interlocutory appeals as of right and provides in relevant part as follows:

    **(b) Order Sustaining Venue or Personal or In Rem Jurisdiction.** An appeal may be taken as of right from an order in a civil action or proceeding sustaining the venue of the matter or jurisdiction over the person or over real or personal property if:

    . . .

    (2) the court states in the order that a substantial issue of venue or jurisdiction is presented

    Pa.R.A.P. 311(b)(2).

¶ 6 Waldorf first argues that Keystone failed to prove that the Pennsylvania trial court had personal jurisdiction over Waldorf. Essentially, Waldorf claims the website operated by the business does not provide sufficient contacts to establish personal jurisdiction.

■ ¶ 7 Recently, in *Taylor v. Fedra International, Ltd.*, 828 A.2d 378, 381 (Pa.Super.2003), this Court summarized the two types of personal jurisdiction and the application of the Pennsylvania long arm statute as follows:

> Pursuant to the Judiciary Act, 42 Pa. C.S.A. §§ 5301, *et seq.*, our courts may exercise two types of *in personam* jurisdiction over a non-resident defendant. One type of personal jurisdiction is general jurisdiction, which is founded upon a defendant's general activities within the forum as evidenced by continuous and systematic contacts with the state. The other type is specific jurisdiction, which has a more defined scope and is focused upon the particular acts of the defendant that gave rise to the underlying cause of action.
>
> Regardless of whether general or specific *in personam* jurisdiction is asserted, the propriety of such an exercise must be tested against the Pennsylvania long arm statute, 42 Pa. C.S.A. § 5322,[2] and the due process clause of the Fourteenth Amendment. In order to meet constitutional muster, a defendant's contacts with the forum state must be such that the defendant could reasonably anticipate being called to defend itself in the forum. Random, fortuitous and attenuated contacts cannot reasonably notify a party that it may be called to defend itself in a foreign forum and, thus, cannot support the exercise of personal jurisdiction. That is, the defendant must have purposefully directed its activities to the forum and conducted itself in a manner indicating that it has availed itself to the forum's privileges and benefits such that it should also be subjected to the forum state's laws and regulations.

The Pennsylvania long arm statute permits jurisdiction to be exercised "to the fullest extent allowed under the Constitution of the United States and may be based upon the most minimum contact with this Commonwealth allowed under

2. The Pennsylvania long arm statute, provides in pertinent part as follows:

   (a) General rule.—A tribunal of this Commonwealth may exercise personal jurisdiction over a person (or the personal representative of a deceased individual who *would be subject to jurisdiction under this* subsection if not deceased) who acts directly or by an agent, as to a cause of action or other matter arising from such person:

   (1) Transacting any business in this Commonwealth. Without excluding other acts which may constitute transacting business in this Commonwealth, any of the following shall constitute transacting business for the purpose of this paragraph:

   (i) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuni-

   ary benefit or otherwise accomplishing an object.

   (ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.

   (iii) The shipping of merchandise directly or indirectly into or through this Commonwealth.

   (iv) The engaging in any business or profession within this Commonwealth, whether or not such business requires license or approval by any government unit of this Commonwealth.

   (v) The ownership, use or possession of any real property situate within this Commonwealth.

42 Pa.C.S.A. § 5322(a)(1).

the Constitution of the United States." 42 Pa.C.S.A. § 5322(b).

*Taylor,* 828 A.2d at 381 (citations and footnote omitted). In order to meet the Fourteenth Amendment due process standard, which protects an individual's liberty interest from the binding judgments of a forum with which he has established no meaningful contacts, Keystone must show that Waldorf had more than random or attenuated contacts with Pennsylvania. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528, (1985).

¶ 8 This Court, in *Efford v. The Jockey Club,* 796 A.2d 370 (Pa.Super.2002), first addressed the issue of whether an internet website of a foreign company permits Pennsylvania courts to exercise general personal jurisdiction over a defendant *via* Pennsylvania's long arm statute. In *Efford,* the plaintiffs bred, raised and sold thoroughbred palominos in Pennsylvania. The defendant was a non-profit organization that registers horses. The defendant had offices in New York and Kentucky but no offices in Pennsylvania. The defendant revoked the thoroughbred registration papers of four of the plaintiffs' horses. The plaintiffs then brought an action in equity in Pennsylvania seeking reinstatement of the registration papers. The defendant filed preliminary objections to the complaint objecting to the exercise of personal jurisdiction by the Pennsylvania trial court. The trial court determined there was no basis for personal jurisdiction over the defendant and dismissed the complaint. On appeal, the *Efford* Court applied the emerging federal case law addressing the relationship between personal jurisdiction and foreign internet websites that establishes a "sliding scale" of jurisdiction based largely on the degree and type of interactivity on the website.

¶ 9 This court noted the emerging case law as follows:

The growing case law in the Third Circuit's district courts addressing the relationship between personal jurisdiction and the foreign Internet [websites] has established a "sliding scale" of jurisdiction based largely on the degree and type of interactivity on the [website]. In *Zippo Mfg. Co. v. Zippo Dot Com, Inc.,* 952 F.Supp. 1119, 1124 (W.D.Pa. 1997), the court stated:

The likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet. This sliding scale is consistent with well developed personal jurisdiction principles. At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. [*See, e.g.,*] *CompuServe, Inc. v. Patterson,* 89 F.3d 1257 (6th Cir.1996). At the opposite end are situations where a defendant has simply posted information on an Internet [website] which is accessible to users in foreign jurisdictions. A passive [website] that does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction. [*See, e.g.,*] *Bensusan Restaurant Corp. v. King,* 937 F.Supp. 295 (S.D.N.Y.1996). *The middle ground is occupied by interactive [websites] where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of*

*information that occurs on the [website].* [*See, e.g.,*] *Maritz, Inc. v. Cybergold, Inc.,* 947 F.Supp. 1328 (E.D.Mo.1996).

The Third Circuit District Courts have used the "sliding scale" to exercise both general and specific personal jurisdiction. *See Desktop Technologies, Inc. v. Colorworks Reproduction & Design, Inc.,* 1999 WL 98572, 1999 U.S. Dist. LEXIS 1934 (E.D.Pa.1999) (implementing a sliding scale to both general and specific personal jurisdiction); *Molnlycke Health Care AB v. Dumex Medical Surgical Products Ltd.,* 64 F.Supp.2d 448 (1999) (applying the sliding scale to general personal jurisdiction); *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.,* 952 F.Supp. 1119 (1997) (applying the sliding scale to specific personal jurisdiction). We have compared this "sliding scale" to our principles of personal jurisdiction and find that it is consistent with our well-established concepts of general personal jurisdiction. Therefore, we will use this sliding scale to determine the issue before us.

*Efford,* 796 A.2d at 374 (emphasis added). This Court concluded in *Efford* that the defendant's website fell within the middle ground of the sliding scale because the site provided information about the club and permitted users to register their horses *via* the internet. However, the Court concluded that the website was not sufficient to establish general personal jurisdiction because it was simply general advertising with the "added convenience of an on-line registry." *Id.* at 375.

¶ 10 In the instant case, it is undisputed that the website is interactive and permits customers from foreign jurisdictions to exchange information with the host computer. Thus, the website is more than a passive website and consequently falls within the middle ground of the sliding scale. Accordingly, the exercise of jurisdiction is determined by examining the level of interactivity and the commercial nature of the exchange of information that occurs on the website. *Efford,* 796 A.2d at 374.

¶ 11 The record reflects that Waldorf's customers could use the website to apply for employment, search the new and used vehicle inventory, apply for financing to purchase a vehicle, calculate payment schedules, order parts and schedule service appointments. This level of interaction rises beyond the mere registration capability of the website in *Efford.* Rather, in this case, the activity on the website was of a commercial nature that permitted extensive interaction with the host computer and would only serve to enhance Waldorf's commercial business.

¶ 12 For instance, any computer user could schedule an appointment with Waldorf's service department by filling out an online schedule form. The website informed the user that Waldorf could confirm the appointment with the user by email within 12 hours of receiving the request. *See* Complaint, Exhibit A. The website also had the capability for a computer user not only to browse new and used vehicle inventory, but also to request specific price quotes on specific vehicles and to exchange trade-in information with Waldorf. *Id.* In addition, Waldorf's website had a detailed number of forms regarding financial services offered by Waldorf. Waldorf touted the following on its website: "This page allows you to handle nearly all of the financial aspects of a vehicle purchase. We've made shopping for a car much easier for you by allowing you to shop and virtually complete the entire transaction via your computer." *Id.* In addition, the website informed users that in connection with their transaction,

Waldorf may obtain additional information about the user. Waldorf's website also notified the user that it may disclose to third parties the user's nonpublic information received *via* the website. *Id.* Accordingly, the record demonstrates that this is a highly interactive website with an exchange of information that permitted Waldorf to perform a significant amount of commercial business over the internet. Thus, the website provided a basis for general personal jurisdiction. Waldorf's contrary claim fails.

■ ¶ 13 Waldorf next argues that the trial court erred in failing to permit discovery to establish the lack of personal jurisdiction. However, we are precluded from addressing this claim because Waldorf failed to include the issue in its court-ordered Statement of matters complained of on appeal filed in compliance with Pennsylvania Rule of Appellate Procedure 1925(b).

¶ 14 In *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306, 309 (1998), our Supreme Court held that if a defendant is directed to file a concise statement of matters to be raised on appeal, any issues not raised in that statement are waived. *See Yoder v. American Travellers Life Insurance Co.*, 814 A.2d 229, 233 (Pa.Super.2002) (applying *Lord* in a civil context). Thus, this issue is not preserved for review.

¶ 15 Order affirmed.