## Scordato v. Dyess

*Thomas Scordato,* pro se.
*Jeffrey W. Stover* and *Susan E. Bardo,* for defendant.

GRINE, *J.,* July 28, 2005—Before this court for consideration are the preliminary objections of defendant

Adam P. Dyess of Sterling Wholesale Unlimited to plaintiff Thomas Scordato's complaint. Defendant objects to plaintiff's complaint on the grounds that this court lacks the necessary personal jurisdiction to continue this action in the Commonwealth of Pennsylvania and, alternatively, that Centre County Pennsylvania is not the proper venue for this action. Both plaintiff and defendant submitted written briefs in support of their respective positions, which this court has reviewed. This court finds that it does not have personal jurisdiction over the defendant and, accordingly, sustains defendant's preliminary objection as to personal jurisdiction. Because this court finds it lacks personal jurisdiction, defendant's preliminary objection as to venue need not be addressed.

## PRELIMINARY DISCUSSION

Plaintiff is a resident of Bellefonte, Centre County, Pennsylvania. Defendant has at all times relevant to the present action been a resident of Nevada.

Plaintiff filed his complaint in the Court of Common Pleas of Centre County Pennsylvania following the purchase of a 1981 Mercedes-Benz 240D automobile. Plaintiff purchased the automobile from defendant via an online auction conducted through eBay. Plaintiff's complaint ¶1. After viewing the posting, plaintiff contacted defendant to inquire about the mileage listed in the auction advertisement. *Id.* Defendant assured plaintiff the mileage listed as 71,825 miles was accurate. *Id.* Plaintiff subsequently purchased the vehicle from defendant based on defendant's representation that the mileage was accurate. *Id.*

The automobile in question was in defendant's possession in the state of Nevada at the time of sale. Plaintiff mailed his payment for the automobile to defendant in Nevada via Federal Express and also arranged to have the vehicle shipped from Nevada to Pennsylvania through another carrier. The vehicle arrived in Lamar, Pennsylvania, after which plaintiff drove the vehicle to his home in Bellefonte. *Id.* at ¶2.

From the time he took physical possession of the automobile, plaintiff began to suspect that the car was not in as good of a condition as defendant represented. *Id.* at ¶4. Before the vehicle could be driven from Lamar it first had to be jump-started. *Id.* Additionally, the alternator light was on indicating the alternator was faulty. *Id.* Finally, upon reaching his residence, plaintiff examined the documentation for the vehicle located in the glove box. The original service maintenance booklet indicated that in 1987 the mileage of the car was 75,817. *Id.* at ¶6. Plaintiff also contacted the previous owners of the vehicle and learned at the time the vehicle was traded in, it had over 250,000 miles on it. *Id.* at ¶8. Upon learning that defendant had provided false information to plaintiff, plaintiff filed the now-contested complaint in the Centre County Court of Common Pleas.

## DISCUSSION

Defendant contends that Pennsylvania does not have personal jurisdiction, general or specific, over him. Defendant has at all times relevant to the present action been a resident of Nevada. Additionally, the vehicle at the center of this suit was in the state of Nevada until plaintiff

made arrangements to ship the vehicle from Nevada to Pennsylvania.

This court must first remark that finding no personal jurisdiction over defendant would result in the dismissal of plaintiff's complaint, as such defendant's preliminary objections should be sustained only if it is quite clear that no jurisdiction exists. *Hall-Woolford Tank Co. Inc. v. R.F. Kilns Inc.,* 698 A.2d 80, 82 (1997), citing *King v. Detroit Tool Co.,* 452 Pa. Super. 334, 682 A.2d 313 (1996). Additionally, the burden of establishing no jurisdiction exists rests on defendant, thus this court must examine the evidence in a light most favorable to the plaintiff. *Id.*

"General jurisdiction is founded upon a defendant's general activities within the forum which evidence continuous and systematic contacts with the state." *Id.* at 82. On the other hand, "[s]pecific jurisdiction . . . is focused upon the particular acts of the defendant which gave rise to the underlying cause of action." *Id.*

It is quite clear to this court that it lacks general jurisdiction over the defendant. The defendant was, and continues to be, a resident of the state of Nevada. Plaintiff has not alleged in his complaint that defendant's sale of this particular automobile was part of a continuous and systematic contact with the state of Pennsylvania. Plaintiff has not alleged that defendant regularly sells automobiles to Pennsylvania nor that defendant ever traveled to Pennsylvania in order sell a vehicle, much less the one at issue in the present case.

Finding no general jurisdiction over the defendant, this court must look to whether defendant's particular actions in this instance are sufficient for this court to assert spe-

cific jurisdiction over him, which can only be done through Pennsylvania's long-arm statute. In order to meet the constitutional requirement necessary to assert personal jurisdiction under the long-arm statute, "a defendant's contacts with the forum state must be such that the defendant could reasonably anticipate being called to defend itself in the forum." *Id.* (citations omitted) "Random, fortuitous and attenuated contacts cannot reasonably notify a party that it may be called to defend itself in a foreign forum . . . the defendant must have purposefully directed its activities to the forum and conducted itself in a manner indicating that it has availed itself of the forum's privileges and benefits such that it should also be subject to the forum state's laws and regulations." *Id.* at 82-83. (citations omitted)

Again, defendant insists Pennsylvania lacks jurisdiction over him as he has never had any substantial, meaningful contact with the Commonwealth of Pennsylvania. Defendant never traveled to Pennsylvania in order to complete this sales transaction. On the contrary, defendant notes, and plaintiff admits, that plaintiff made the initial contact regarding the sale of this automobile. Plaintiff's complaint ¶1. Plaintiff mailed payment to defendant in Nevada and arranged for the vehicle to be shipped from Nevada to Pennsylvania. The only contact defendant has ever had with the Commonwealth of Pennsylvania as alleged by plaintiff is his contact with plaintiff concerning the sale of this automobile. However, as defendant notes, an individual's contract with an out-of-state party *alone* cannot automatically establish sufficient minimum contacts [with] the other party's home forum." *Hall-Woolford,* 698 A.2d at 83, citing *Kubik v. Letteri,*

532 Pa. 10, 18, 614 A.2d 1110, 1114 (1992). (emphasis in original)

In support of his objections to jurisdiction, defendant directs this court's attention to factual similarities between this case and the case of *Hall-Woolford Tank Co. Inc.* cited *supra*. In *Hall-Woolford*, plaintiff was a manufacturer of wooden tanks and fermenters. Plaintiff contacted defendant, a New York-based company, about utilizing their lumber-drying services. Plaintiff purchased a shipment of wood from Florida and arranged for its transportation to the defendant's facility in New York. Defendant dried the wood at its facility, which was then shipped to plaintiff in Pennsylvania. Upon receipt of the dried wood, plaintiff claimed the wood was damaged and unsuitable for its purpose and filed an action in the Philadelphia County Court of Common Pleas. In determining that the Philadelphia County court lacked jurisdiction over defendant, the Superior Court noted that plaintiff contacted defendant about using defendant's services, and plaintiff arranged for the lumber to be shipped from Florida to defendant's facility in New York. Though there was some dispute over defendant's contacts with Pennsylvania, the Superior Court determined that any contact initiated by defendant was not substantial, but rather attenuated and random. *Id.* at 84. In other words, but for plaintiff's initially contacting defendant regarding use of its services, defendant would have had no reason to contact anyone in Pennsylvania.

This court finds that the contact defendant had with Pennsylvania in the present case to be similar to the defendant in *Hall-Woolford.* Plaintiff initially contacted defendant regarding the purchase of the automobile.

Plaintiff sent payment to defendant. Plaintiff arranged for shipment of the automobile from Nevada to Pennsylvania. Defendant never initiated contact with the present forum in order to sell his automobile. Defendant never entered the Commonwealth to contract for, or complete the sale. The only arguable contact that defendant may have had with the Commonwealth was in sending the title paperwork for the vehicle to plaintiff after plaintiff initiated contact with defendant to purchase the vehicle. Such contact can only be described as attenuated and random.

Since defendant has sufficiently supported his jurisdictional objection, the burden now shifts to plaintiff to "prove that there is statutory and constitutional support for the court's exercise of in personam jurisdiction." *Hall-Woolford,* 698 A.2d at 82. Plaintiff makes his case for personal jurisdiction on the grounds that defendant sold his vehicle through an Internet site. Determining personal jurisdiction when a foreign company's contact with the local forum is through an Internet website has only recently been addressed by courts of this Commonwealth. It is agreed that only if the foreign company can be brought under Pennsylvania's jurisdiction through the long-arm statute will jurisdiction be found. However, determining whether the long-arm statute applies in cyber-space can be difficult. The Third Circuit's district courts determined a "sliding scale" of jurisdiction which courts of this Commonwealth have since adopted.

In *Zippo Mfg. Co. v. Zippo Dot Com Inc.,* 952 F. Supp. 1119 (W.D. Pa. 1997), the court determined, "The likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and qual-

ity of commercial activity that an entity conducts over the Internet." Thus, two extremes emerge with wide midground. At one end of the spectrum is the company who conducts most of its business with foreign companies through the Internet. The contact with a foreign jurisdiction is extensive, consistent, and repeated. At the other end of the spectrum are passive contacts where information is posted on the Internet and is viewable by individuals from a multitude of jurisdictions. In order to determine jurisdiction, this court must look at "the level of interactivity and commercial nature of the exchange of information that occurs on the website." *Efford v. The Jockey Club,* 796 A.2d 370, 374 (Pa. Super. 2002). (citations omitted)

eBay is a website that can be aptly described as being in the middle ground. eBay allows individuals to post information regarding an item for sale that can then be viewed by individuals from multiple foreign jurisdictions. eBay can be likened to a cyber flea market where individuals wishing to sell items have a space to put their items on display for individuals to view and perhaps purchase. In that sense, eBay is interactive, but it is not so interactive that individuals can conduct all their business through the Internet. At some point interaction via the website ceases and buyer and seller must communicate outside of the Internet forum in order to complete the transaction.

In support of his contention that Pennsylvania may assert jurisdiction in this case, plaintiff cites the case of *Mar-Eco Inc. v. T & R and Sons Towing and Recovery Inc.,* 837 A.2d 512 (Pa. Super. 2003). In *Mar-Eco,* the lower court determined that Pennsylvania had jurisdic-

tion over the defendant, the Maryland-based Waldorf Corporation, because "Waldorf regularly conducts business in Pennsylvania through advertising and its worldwide [website], www.waldorfford.net, where customers can order parts, schedule service, apply for financing, calculate payments, search Waldorf's new and used vehicle inventory and apply for employment." 837 A.2d at 514. In affirming the determination of the lower court, the Superior Court looked at the high level of interactivity of the defendant's website and determined "the activity on the website was of a commercial nature that permitted extensive interaction with the host computer and would only serve to enhance Waldorf's commercial business." *Id.* at 517.

While advertising vehicles for sale through eBay would most certainly enhance defendant's commercial business by expanding the number of individuals who would be able to view vehicles for sale, there is nothing to indicate defendant regularly conducts his business via the Internet. This court also finds a critical distinction between the defendant in the present case and the defendant in *Mar-Eco*. The defendant in *Mar-Eco* operated its own website exclusively for its business. The website in *Mar-Eco* allowed users to schedule an appointment with the company's service department, request specific price quotes on specific vehicles and exchange trade-in information, and access a number of forms regarding financial services available. *Id.* In the present case, all plaintiff could really do through the eBay advertisement was glean a few pieces of rudimentary information regarding the vehicle for sale. Any detailed information regarding the vehicle plaintiff wanted had to be obtained di-

rectly from the defendant. Thus, defendant's use of the eBay website to advertise his vehicle for sale cannot be determined so interactive that Pennsylvania could justifiably use its long-arm statute to assert jurisdiction over the defendant.

Having determined that Pennsylvania's long-arm statute cannot be utilized to assert jurisdiction, this court finds that plaintiff has not been able to establish statutory or constitutional support for his claim that Pennsylvania has jurisdiction over his claim. Additionally, this court can find no means by which it can, in good faith, assert jurisdiction over defendant and must accordingly sustain defendant's preliminary objection as to jurisdiction.

Since this court has determined it lacks jurisdiction over the defendant, this court need not address his preliminary objection as to venue.

The court enters the following order.

## ORDER

And now, July 28, 2005, after reviewing defendant's preliminary objections to plaintiff's complaint and the written arguments presented by plaintiff and defendant as to their respective positions regarding defendant's preliminary objections, it is hereby ordered and decreed that defendant's preliminary objection as to this court's jurisdiction over defendant is sustained.

Plaintiff's complaint filed in the Centre County Court of Common Pleas is accordingly dismissed.