J-A13027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RHASHEENA GUSSOM | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MAURICE TEAGLE | : | No. 3245 EDA 2018 |

Appeal from the Order Entered October 3, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 03821 April Term, 2018

BEFORE: SHOGAN, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED SEPTEMBER 26, 2019**

Appellant Rhasheena Gussom appeals from the order granting the preliminary objections of Appellee Maurice Teagle and dismissing Appellant's complaint with prejudice. Appellant contends the trial court abused its discretion by failing to recognize her good faith efforts to serve the complaint on Appellee. We affirm.

We set forth the facts as presented in the trial court's opinion:

[Appellant] filed a complaint against [Appellee] on April 26, 2018. Appellant claimed damages from a July 25, 2016, motor vehicle incident. On May 4, 2018, Appellant attempted service at Appellee's last known address of 5021 Boudinot Street, Philadelphia, PA 19120. As per Appellant's Affidavit of Non-Service dated May 9, 2018, the current occupant noted that Appellee had moved to Virginia.

---

[*] Retired Senior Judge assigned to the Superior Court.

On August 22, 2018, Appellant filed a *praecipe* to reinstate the complaint.[1]  On September 10, 2018, Appellee filed [verified] preliminary objections to Appellant's complaint arguing 1) no good faith efforts at service before the statute of limitations ran on July 25, 2018, and 2) insufficient specificity in Appellant's complaint.  On September 2[8], 2018, Appellant again filed a *praecipe* to reinstate the complaint, but failed to file any response to Appellee's preliminary objections.

On October 3, 2018, [the trial] court sustained Appellee's preliminary objections and dismissed Appellant's complaint.  On October 5, 2018, Appellant filed a motion for reconsideration of [the trial] court's October 3, 2018, order.[2]  On October 26, 2018, [the trial] court denied Appellant's motion for reconsideration.  On October 30, 2018, Appellant appealed [the trial] court's order dated October 26, 2018, to the Superior Court of Pennsylvania,[3]

_____

[1] The certified record transmitted to this Court on appeal does not contain this document.  Appellant's reproduced record, however, includes this document and neither party disputes its accuracy.  ***See*** R.R. at 11a; ***see generally*** Pa.R.A.P. 1921 cmt. (stating, "where the accuracy of a pertinent document is undisputed, the Court could consider that document if it was in the Reproduced Record, even though it was not in the record that had been transmitted to the Court").

[2] Appellant's motion for reconsideration alleged that Appellant "has made a good faith effort to serve [Appellee], and that effort is ongoing, with the [c]omplaint out for service with [Appellant's] process server, to what [Appellant] believes is [Appellee's] most current address [in] Philadelphia." Appellant's Mot. for Recons., 10/5/18, at ¶ 6.  Appellant's motion claimed that at some unknown date after May 2018, Appellant located Appellee and, apparently via certified mail, "sent the complaint for service to Waynesboro, VA on **August** 22, 2018." ***Id.*** at ¶ 4 (some capitalization omitted and emphasis added).  Appellant averred that the "certified mail was unclaimed," and that Appellant's counsel located Appellee in Philadelphia, which prompted Appellant to file her September 28, 2018 *praecipe* to reinstate. ***Id.*** Appellant did not otherwise explain the absence of any action between May 9 and August 22.

[3] We note that Appellant improperly appealed from the October 26, 2018 order denying reconsideration of the trial court's October 3, 2018 order sustaining Appellee's preliminary objections and dismissing Appellant's complaint.

and on October 31, 2018, Appellant [timely] filed a concise statement of matters complained of on appeal pursuant to Pa.R.A,P. 1925(b).

Trial Ct. Op., 1/3/19, at 1-2 (some initial capitalization omitted).

Appellant raises two issues on appeal:

[1.] Did the trial court err as a matter of law in sustaining [Appellee's] preliminary objections and denying [Appellant's] motion for reconsideration?

[2.] Did the trial court commit an abuse of discretion in sustaining [Appellee's] preliminary objections and denying [Appellant's] motion for reconsideration?

Appellant's Brief at 4.

We summarize Appellant's arguments for both of her issues together.[4]

Appellant contends that "the trial court failed to consider the merits" of her

case before sustaining Appellee's preliminary objections. *Id.* at 13. In

Appellant's view, the trial court disregarded her good faith efforts to serve

_____

Appellant should have appealed from the trial court's October 3, 2018 order, as that is a final appealable order. *See U.S. Nat'l Bank v. Johnson*, 487 A.2d 809, 814 (Pa. 1985). A petition for reconsideration does not toll the thirty-day period for filing a timely appeal. *Cheathem v. Temple Univ. Hosp.*, 743 A.2d 518, 520 (Pa. Super. 1999). Because Appellant filed a notice of appeal on October 30, 2018, which was within thirty days of the trial court's October 3, 2018 order, we will not quash the appeal, and we amend the caption to reflect this is an appeal from the October 3, 2018 order.

[4] Appellant's brief does not comply with Pa.R.A.P. 2119(a), which states that the "argument shall be divided into as many parts as there are questions to be argued." Pa.R.A.P. 2119(a). Instead, Appellant has a single argument section.

Appellee. *Id.* Appellant states that when she could not effectuate service on Appellee in May 2018, she began attempting to locate Appellee in Virginia. *Id.* at 17. Appellant asserts that when she located Appellee, she reinstated the complaint on August 22, 2018, and attempted to serve Appellee via certified mail, but the envelope was returned on September 14, 2018.[5] *Id.* Appellant again reinstated her complaint on September 28, 2018, after believing she located Appellee in Philadelphia. *Id.* at 18. Appellant claims that between May and August 2018, she diligently attempted to locate Appellee. *Id.* Appellant, therefore, disagrees with the trial court's characterization that she acted in bad faith. *Id.* at 19. Moreover, Appellant argues that her failure to file a response to Appellee's preliminary objections was an inadvertent oversight. *Id.* at 20.

"Our standard of review of an order of the trial court overruling preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court." *Mar-Eco, Inc. v. T & R & Sons Towing & Recovery, Inc.*, 837 A.2d 512, 514 (Pa. Super. 2003); *accord Trexler v. McDonald's Corp.*, 118 A.3d 408, 412 (Pa. Super. 2015).

---

[5] We note that Appellant's motion for reconsideration did not indicate the envelope was returned on September 14, 2018.

- 4 -

A defendant may file a preliminary objection on the basis that the plaintiff did not serve the complaint properly. Pa.R.C.P. 1028.

> When a defendant challenges the court's assertion of personal jurisdiction, that defendant bears the burden of supporting such objections to jurisdiction by presenting evidence. The burden of proof only shifts to the plaintiff after the defendant has presented affidavits or other evidence in support of its preliminary objections challenging jurisdiction.

*Trexler*, 118 A.3d at 412 (quotation marks and citations omitted). The defendant's burden may be met by filing verified preliminary objections. *Gall v. Hammer*, 617 A.2d 23, 24 (Pa. Super. 1992).

Recently, in *American Interior Const. & Blinds Inc. v. Benjamin's Desk, LLC*, 206 A.3d 509 (Pa. Super. 2019), this Court summarized *McCreesh v. City of Phila.*, 888 A.2d 664 (Pa. 2005), and *Lamp v. Heyman*, 366 A.2d 882 (Pa. 1976), in resolving a service issue under the Mechanics' Lien law.

> In *McCreesh* . . . , the plaintiff filed a timely *praecipe* to issue a writ of summons against Philadelphia. The plaintiff mailed the writ of summons via certified mail to Philadelphia's Law Department. . . . In pertinent part, Philadelphia filed preliminary objections asserting that delivery of the writ by certified mail in August 2002 did not comply with Pa.R.C.P. 400.1, which requires original process in actions commenced in Philadelphia to be served by either the sheriff or a competent adult. . . .
>
> The Pennsylvania Supreme Court granted review to resolve inconsistent holdings by the intermediate appellate courts, which sometimes dismissed cases due to plaintiffs' failure to comply strictly with the Rules of Civil Procedure and on other occasions reserving the drastic measure of dismissal for only those cases where the defendant has been prejudiced by plaintiff's failure to comply with the rules. After reviewing the conflicting caselaw, the *McCreesh* Court held that the Commonwealth Court's holding was

incompatible with the plain language of Rule 401, the spirit of *Lamp* . . . , and the admonition of Rule 126 to construe liberally the rules of procedure so long as the deviation does not affect the substantial rights of the parties. In *Lamp*, we sought to alleviate the hardships caused by plaintiffs who exploited the rules of civil procedure to make an end run around the statutes of limitations.

Neither our cases nor our rules contemplate punishing a plaintiff for technical missteps where he has satisfied the purpose of the statute of limitations by supplying a defendant with actual notice. Therefore, we embrace the logic of . . . cases, which, applying *Lamp*, would dismiss only those claims where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant.

*Benjamin's Desk*, 206 A.3d at 513-14 (citations and quotation marks omitted).[6]

_____

[6] The *McCreesh* Court noted it altered the *Lamp* holding to impose an evidentiary burden on the plaintiff, as follows:

We subtly altered our holding in *Lamp* in *Farinacci* [*v. Beaver Co. Indus. Dev. Auth.*, 511 A.2d 757 (Pa. 1986)], requiring plaintiffs to demonstrate a good-faith effort to effectuate notice of commencement of the action. In announcing this refinement to the *Lamp* rule, we acknowledged that the good faith requirement is not apparent from a reading of the rule itself, but rather, satisfied the stated purpose of our decision in *Lamp* which was to avoid the situation where a plaintiff can retain exclusive control over litigation by not making a good faith effort to notify the defendant. We held that **determining whether a plaintiff acted in good faith lies within the sound discretion of the trial court.** Therefore, noting that plaintiffs are required to comply with local practice to ensure, insofar as they are able, prompt service of process, we affirmed the trial court's decision to dismiss the complaint where the plaintiff failed to deliver the writ

Technical missteps notwithstanding, the burden is on the plaintiff to make "a good faith effort to effectuate service." ***Englert v. Fazio Mech. Servs., Inc.***, 932 A.2d 122, 124 (Pa. Super. 2007); ***accord McCreesh***, 888 A.2d at 672.

> What constitutes a good faith effort to serve legal process is a matter to be assessed on a case by case basis. . . .
>
> In making such a determination, we have explained:
>
>> It is not necessary that the plaintiff's conduct be such that it constitutes some bad faith act or overt attempt to delay before the rule of ***Lamp*** will apply. Simple neglect and mistake to fulfill the responsibility to see that requirements for service are carried out may be sufficient to bring the rule in ***Lamp*** to bear. Thus, conduct that is unintentional that works to delay the defendant's notice of the action may constitute a lack of good faith on the part of the plaintiff.
>
> Although there is no mechanical approach to be applied in determining what constitutes a good faith effort, **it is the plaintiff's burden to demonstrate that his efforts** [to effectuate service] **were reasonable**.

***Englert***, 932 A.2d at 124-25 (citations, quotation marks, and alternations in original omitted). Based on such reasoning, the ***Englert*** Court affirmed the trial court's entry of summary judgment in favor of the defendants on the basis that the plaintiffs "failed to demonstrate a good faith effort to effectuate

---

> to the sheriff as required by local practice and consequently delayed service upon the defendant for over a month.

***McCreesh***, 888 A.2d at 672 (emphasis added and quotation marks, citations, and footnote omitted).

service," such that the statute of limitations barred the plaintiffs' claims. *Id.* at 128.

Instantly, because Appellee filed verified preliminary objections, the burden shifted to Appellant to establish that she made a good faith, reasonable effort to effectuate service. *See McCreesh*, 888 A.2d at 672; *Englert*, 932 A.2d at 124-25. Here, Appellant filed a complaint on April 26, 2018, attempted to serve Appellee on May 4, 2018, and per the May 9, 2018 affidavit of non-service, acknowledged that Appellee may have moved to Virginia. The docket, however, reflects no activity by Appellant between May 9, 2018, and August 22, 2018, when Appellant filed a *praecipe* to reinstate her complaint. Appellant did not identify any good faith efforts she made to locate and serve Appellee in that time frame. Appellant did not file any motion for alternative service. Indeed, Appellant did not file a response to Appellee's preliminary objections, which would have been an opportunity to challenge Appellee's allegations that Appellant failed to effectuate service.

Regardless, Appellant filed a motion for reconsideration claiming that at some point after May 4, 2018, she believed she located Appellee in Virginia and mailed, via certified mail, the complaint on August 22, 2018. Appellant, however, again did not explain what efforts she made to locate Appellee and effectuate service between May and August 2018. Appellant's Mot. for Recons. at ¶ 4. Appellant's motion for reconsideration also averred that after non-service in August 2018, she located Appellee in Philadelphia, which

prompted her to reinstate the complaint on September 28, 2018. ***Id.*** Although Appellant averred that she made a "good faith effort," her motion for reconsideration did not otherwise explain or excuse the complete absence of any action by Appellant between May and August 2018.

In sum, as the trial court observed, Appellant did not allege, let alone provide, any evidence of a "good faith investigation to locate, or any practical efforts to serve, Appellee." Trial Ct. Op. at 5. Given the burden was on Appellant to establish she acted in good faith, the trial court did not abuse its discretion in sustaining Appellee's preliminary objections for lack of service. ***See McCreesh***, 888 A.2d at 672; ***see also Englert***, 932 A.2d at 124-25. Because Appellant did not establish the trial court abused its discretion, we affirm the order below. ***See Mar-Eco***, 837 A.2d at 514.

Order affirmed.

Judge Shogan joins the memorandum.

Judge Strassburger files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/26/19

- 9 -