J-S04028-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JANENE GROVES | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY WAGENBACH, KATHLEEN | : | No. 2121 EDA 2024 |
| WAGENBACH, AND FRANCIS | : | |
| STOVEKEN | : | |

Appeal from the Order Entered July 10, 2024
In the Court of Common Pleas of Pike County Civil
Division at No: 1156-2023

BEFORE: OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY STABILE, J.: **FILED MAY 20, 2025**

Appellant, Janene Groves, appeals the order of the Court of Common Pleas of Pike County sustaining the preliminary objections of Appellees, Jeffrey and Kathleen Wagenbach and Francis Stoveken, and dismissing Appellant's complaint with prejudice as time-barred by the applicable Statute of Limitations.[1] Upon review, we affirm.

We set forth the facts as presented in the trial court's order:

> [Appellant] alleges in her Complaint (and amplifies in a subsequently filed document titled "Affidavit of Personal Knowledge") that some time before December 6, 2021, the [Appellees], individually or in combination, caused certain trees to

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. § 5524.

be cut down on her property and were responsible for various other damage, with December 6, 2021 being the date she became aware of the activity. Acting *pro se*, [Appellant] filed a civil action against the [Appellees] on December 5, 2023, immediately before the two-year statute of limitations in a tort action would have run. Although [Appellant's] filing appears on the docket as "Praecipe for Writ of Summons," review of the associated documents reveals that she unnecessarily requested issuance of Writs of Summons against the three individual [Appellees], and contemporaneously filed a civil Complaint naming them all.

Nothing further appears on record until over three months later, when on March 12, 2024, Robert Magnanini, Esq. entered his appearance on the [Appellant's] behalf, and, unconventionally, filed notices of intent to take default judgment, (i.e., "10-day notices" pursuant to Pa.R.C.P 237.1) against the three [Appellees]. Critically missing from the record is any indication that the [Appellant], either *pro se* or through counsel, ever even attempted to serve the original Complaint on any of the [Appellees] in accordance with applicable law and rules of Court prior to issuance of the 10-day notices.

Indeed it was not until after the [Appellees] had filed their Preliminary Objections (apparently motivated by receipt of their 10-day notices) that [Appellant's] counsel belatedly filed a praecipe to reinstate the Complaint pursuant to Rule 401(b)(2), and effectuated service of the original Complaint by the Sheriff of Pike's County on April 9, 2024, over four months after filing. Curiously, [Appellant's] counsel also filed and served new Writs of Summons against all [Appellees] despite the procedural irrelevancy of doing so.

Trial Court Order, 7/9/24, at 1-2.

Appellees filed new preliminary objections to the reinstated complaint, once again alleging, among other things, improper service of process (Pa.R.Civ.P. 1028(a)(1). The trial court heard argument on July 2, 2024. On July 10, 2024, the trial court entered the order on appeal, sustaining the

preliminary objections and dismissing Appellant's complaint with prejudice. This timely appeal followed.

Appellant raises two issues on appeal:

1. Did the trial court commit an error of law in concluding that Plaintiff failed to make reasonable efforts to timely and properly effectuate service of her complaint when she used certified and regular mail to serve the complaint on the Defendants under the mistaken belief that service in such manner was proper under the court rules, and where the Defendants received actual notice of the complaint and were not prejudiced?

2. Did the trial court commit an error of law in concluding that Plaintiff failed to make reasonable efforts to timely and properly effectuate service of her complaint by not considering and properly applying the controlling and binding precedent in *Lamp v. Heyman*, 366 A.2d 882 (Pa. 1976), and its progeny, including but not limited to: *Gussom v. Teagle*, 247 A.3d 1046 (Pa. 2021); *Farinacci v. Beaver City Indus. Dev. Auth.*, 511 A.2d 757 (Pa. 1986); *McCreesh v. City of Philadelphia*, [888 A.2d 664 (Pa. 2005)]; and *Ferraro v. Patterson-Erie Corp*., [313 A.3d 987 (Pa. 2024))?

Appellant's Brief at 1–2.

We review an order sustaining preliminary objections for error of law or abuse of discretion. *Mar-Eco, Inc. v. T & R & Sons Towing & Recovery, Inc.*, 837 A.2d 512, 514 (Pa. Super. 2003). "When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court." *Id.* We will reverse the trial court only where there has been an error of law or abuse of discretion. *McNaughton Properties, LP v. Barr*, 981 A.2d 222, 224 (Pa. Super. 2009).

- 3 -

The Pennsylvania Rules of Civil Procedure allow a plaintiff to commence a civil action by filing either a praecipe for a writ of summons or a complaint. Pa.R.Civ.P. 1007. A plaintiff must serve the defendant with original process within 30 days after the issuance of a writ or the filing of a complaint. Pa.R.Civ.P. 401(a). If service is not effectuated within 30 days, the plaintiff can praecipe for the reissuance of the writ or reinstatement of the complaint so long as the plaintiff presents a copy of the original process. Pa.R.Civ.P. 401(b)(1).

Our Supreme Court recently addressed service of process in **Ferraro**:

> Service of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed. Importantly, without valid service, a court lacks personal jurisdiction of a defendant and is powerless to enter judgment against him or her[.] Validity of service is essential, and failure to perfect service is fatal to a lawsuit.

**Ferraro**, 313 A.3d at 999 (internal citations and quotation marks omitted). Service of process also notifies the defendant that it is a party to a lawsuit and must defend itself. **Id.** To that end, the purpose of the statute of limitations is to "protect defendants from stale claims." **Gussom**, 247 A.3d at 1048. Thus, in some circumstances, the trial court may dismiss a complaint where the plaintiff fails to make a diligent attempt to effect service of process.

> [A] trial court has discretion to dismiss a complaint when a plaintiff fails to offer proof that she diligently attempted to serve process on a defendant in a timely manner and there is no evidence to indicate that the defendant had actual notice of the commencement of the action in the relevant time frame,

- 4 -

regardless of whether the plaintiff acted or failed to act intentionally.

*Id.* In **Farinacci**, the court clarified that the plaintiff carries the evidentiary burden of proving that she made a good-faith effort to ensure that notice of the commencement of an action was served on the defendant; and (2) "[i]n each case, where [lack of good faith] is alleged, the [trial] court must determine in its sound discretion whether a good-faith effort to effectuate notice was made." **Farinacci**, 511 A.2d at 759.

In both of her arguments, Appellant claims the trial court erred in concluding that she failed to make reasonable and timely efforts to effect service of process. We consider her arguments together. To summarize, Appellant, acting *pro se*, filed this action on December 5, 2023, just before the two-year limitations period expired. She did not arrange for service of process on the defendants as per the applicable Rules of Procedure. Appellant took no further action until March 12, 2024, when her counsel filed notices of intent to take a default judgment. On April 9, 2024, after the defendants filed preliminary objections and more than four months after the expiration of the statute of limitations, Appellant reinstated the complaint and effectuated service by sheriff as per the rules. Appellees once again filed preliminary objections alleging, in part, improper service of process, and the trial court sustained that objection.

Appellant makes two factual claims in support of her good faith effort to serve process. She claims that the defendants were on actual notice because,

at some unspecified point in time, she mailed copies of her complaint to them by regular and certified mail. This argument fails, as our Supreme Court has made clear that an actual notice of an action is relevant if and only if it comes from a failed attempt at rule-based service. "[T]here can be no question that when a plaintiff relies on actual notice to a defendant that an action has been commenced, that actual notice has to be the result of a good faith, but improper, effort at service of process **under the Rules**." *Ferraro* 313 A.3d at 1007 (emphasis added). "[O]ther than formal waiver of service of process, our Rules of Civil Procedure do not provide for an alternative method of notifying a defendant of the commencement of an action." *Id.* at 1008. Because our Rules of Procedure do not permit service of original process by mail, Appellant did not, under *Ferraro*, satisfy her good faith obligation by serving Appellees through the mail.

Appellant also claims that, because she was a *pro se* litigant, she spoke with an unnamed clerk at the Prothonotary's office who advised Appellant to serve Appellees via certified mail. R.R. 81a; 100a. We observe that *pro se* litigants are not excused from following proper procedure. "[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, pro se status generally confers no special benefit upon an appellant. … [A] pro se litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." *Commonwealth v. Lyons*, 833 A.2d 245, 251-52 (Pa. Super. 2003). Furthermore, the role of the prothonotary is to maintain and

safeguard court records, books, and dockets. *See In re Administrative Order No. 1-MD-2003*, 936 A.2d 1, 9 (Pa. 2007). A Prothonotary clerk is not authorized for the practice of law to give legal advice. *See* 42 Pa.C.S.A. § 2524. Finally, both Appellant and her counsel represent that counsel had been advising her in settlement negotiations before Appellant filed her *pro se* complaint. Thus, it appears that Appellant had access to counsel, albeit not counsel of record. Appellant's *pro se* status and her conversation with the prothonotary's office[2] do not excuse her noncompliance with the applicable Rules of Procedure.

In summary, Appellant failed to serve Appellees within the applicable limitations and failed to make any good faith effort at doing so until four months after the limitations period expired. We therefore affirm the trial court's order.

Order affirmed.

_____

[2] In her brief, Appellant challenges the trial court's finding that her account of her interaction with the prothonotary was not credible. For the reasons we explain in the main text, Appellant's reliance on her conversation with the prothonotary is unavailing even assuming the credibility of her account of it. Likewise, the trial court's acceptance or rejection of Appellant's assertion that Appellees received actual notice of her complaint via certified mail does not affect our decision. As we explained in the main text, actual notice is pertinent only if it is the result of an attempt at **rule-based** service, and service of original process by mail is not rule-based.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>5/20/2025</u>